Hillsborough,
No. 6141.

LLOYD G. BASINOW *v.* CITY OF MANCHESTER *& a.*

June 1, 1971.

*Normand L. Dion* ( by brief and orally ) for the plaintiff.

*J. Francis Roche* ( by brief and orally ) for the defendants.

GRIMES, J. RSA 45:6 provides in part as follows: "Election to Fill. As soon as may be after such vacancy shall occur, the board of aldermen and the common council shall meet and respectively declare the existence of such vacancy and the cause thereof, whereupon said board of aldermen and the common council shall meet in convention and elect a mayor, who shall serve until the next regular election and until his successor is duly elected and qualified . . . . " The question transferred in this petition is whether the words "next regular election " as used in RSA 45:6 mean that a mayor elected by the aldermen to fill a vacancy shall serve until the next regularly scheduled election for mayor or the next regularly scheduled election even if a mayor is not normally elected thereat.

Petitioner is a resident of Ward 3 in Manchester. Following the death on May 30, 1970 of the mayor who had been elected in November 1969, plaintiff brought this petition. He sought to restrain the aldermen from electing a mayor as provided by the statute. He also asked that the "next regular election" be declared to be the November 1970 general state election and that proceedings for the election of a mayor at that time be decreed. We hold that the term means the next regularly scheduled election for the office of mayor.

The Court, King, J., denied the request for restraining orders and transferred without ruling the question of the meaning of the words " next regular election. " The court refused subject to exceptions to transfer a question whether any action of the aldermen is nullified because they represented an unequal number of voters

in violation of the " one man, one vote " requirement of the Constitution of the United States. *Kirkpatrick* v. *Preisler*, 394 U.S. 526, 22 L. Ed. 2d 519, 89 S. Ct. 1225 ( 1969 ).

Manchester holds a regular city election in November of the odd-numbered years. In November of the even-numbered years, the general statewide election is held. Therefore, in the absence of a special election, the next election which would be held in Manchester following the death of the mayor would be the general state election in November 1970, at which city officials would not normally be elected. Plaintiff's petition, however, sought to require that a new mayor be elected at that general election instead of waiting until the next city election in November 1971. Since the 1970 general election is now past, the question presented appears to be moot. However, the doctrine of mootness is one involving discretion and it appears to be in the public interest that the question be determined. *Hinse* v. *Burns*, 108 N.H. 58, 226 A.2d 865 ( 1967 ).

Election of a mayor at the time of the general state election would be an irregular procedure for the city of Manchester. RSA 45:6 deals only with the office of mayor. It is unlikely therefore that in referring to the " next regular election " it would have been intended that the term apply to an election when the office of mayor is not ordinarily involved. To elect a mayor at a general state election in Manchester would in effect be a special election so far as the office of mayor is concerned. We hold, therefore, that the term " next regular election " as used in RSA 45:6 means the next regular election for mayor. This is in accord with the weight of authority elsewhere. *People ex rel. Lynch* v. *Budd,* 114 Cal. 168, 45 P. 1060 ( 1896 ); *Matthews* v. *Comm'rs,* 34 Kan. 606, 9 P. 765 ( 1886 ); *Stephens* v. *Reid,* 189 Ga. 372, 6 S.E.2d 728 ( 1939 ); *State ex rel. Atty. Gen.* v. *Philips,* 30 Fla. 579, 11 So. 922 ( 1892 ); *see* Annot., 132 A.L.R. 574, 589 ( 1941 ).

Other questions not transferred have not been considered.

We hold that the present mayor was validly elected by the board of aldermen and is entitled to hold the office until the regular city election in November 1971 and until his successor is elected and qualified.

*Petition dismissed.*

All concurred.