Public Utilities Commission
No. 84-313
No. 84-325
No. 84-379

APPEAL OF SEACOAST ANTI–POLLUTION LEAGUE

APPEAL OF CAMPAIGN FOR RATEPAYERS' RIGHTS

APPEAL OF CAMPAIGN FOR RATEPAYERS' RIGHTS
(New Hampshire Public Utilities Commission)

July 24, 1985

*Backus & Meyer*, of Manchester (*Robert A. Backus* on the brief and orally), for Seacoast Anti-Pollution League.

*Sanders and McDermott P.A.*, of Hampton, and *Larry S. Eckhaus*, of Derry (*Lawrence M. Edelman* and *Mr. Eckhaus* on the brief, and *Mr. Edelman* orally), for Campaign for Ratepayers' Rights.

*Sulloway, Hollis & Soden*, of Concord (*Martin L. Gross* and *R. Carl Anderson* on the brief, and *Mr. Anderson* orally), for Public Service Company of New Hampshire.

*Stephen E. Merrill*, attorney general, and *Larry M. Smukler*, of Concord (*Bruce E. Mohl*, assistant attorney general, and *Mr. Smukler* on the brief), by brief for the State, as amicus curiae.

SOUTER, J. These are consolidated appeals from orders denying the appellants' petitions for intervention and from a subsequent order approving the first stage of a three-part financing proposal of Public Service Company of New Hampshire. On the matter of intervention, each appellant contests the authority of the chairman of the public utilities commission to rule alone on a petition for intervention, and each appellant challenges the validity of the chairman's orders as being unsupported by findings of fact. The appellant Seacoast Anti-Pollution League (SAPL) claims further that the order denying its requested intervention was erroneous on the merits as a matter of law. We dismiss the appeals as moot, although we hold that the chairman committed error in ruling alone on the petitions for intervention, without the participation of the other commissioners.

At the outset we recognize that all the issues raised are moot. The first stage financing order has been superseded by a further order of the commission authorizing the second stage of the proposed financing, a part of which was to be used to retire indebtedness incurred under the order appealed here. Counsel for the company has represented to the court that all instruments issued in the first stage financing have been retired or superseded by instruments issued in the second stage. Therefore, our affirmance of the commission's second stage order mooted the present appeals. *See Appeal of Seacoast Anti-Pollution League*, 125 N.H. 708, 484 A.2d 1196 (1984).

Having so said, the question remains whether the public interest warrants our consideration of any of the procedural issues raised. *See Proctor v. Butler*, 117 N.H. 927, 930, 380 A.2d 673, 674–75 (1977); *Basinow v. Manchester*, 111 N.H. 184, 185, 278 A.2d 346, 348 (1971). In addressing this question we note that each appellant was granted intervenor status in the later proceedings to review the company's requests to approve the second and third stages of the financing. *See Appeal of Seacoast Anti-Pollution League supra.* Consequently, the merits of the appellants' requests for intervenor status do not require our consideration. We think the controversy over the adequacy of findings of fact is best addressed by reminding the commission that the brief statement of reasons required by RSA 541-A:17, V (Supp. 1983) in explanation of an order on a petition for intervention must be supported by basic findings of fact. *See Appeal of Portsmouth Trust Co.*, 120 N.H. 753, 759, 423 A.2d 603, 606 (1980).

The controversy about the power of the chairman of the PUC, act-

ing alone, to rule on intervention requests will probably arise again, however. Although the subsequent concurrence of the other commissioners rendered the issue academic in this case, the future may not have such luck in store. Therefore we will address the matter now.

The issue focuses on the several paragraphs of RSA 541-A:17 (Supp. 1983), which invest the "presiding officer" of a State agency with responsibility and authority to deal with petitions for intervention in adjudicative proceedings before the agency. RSA 541-A:17, V (Supp. 1983), for example, provides that the "presiding officer shall render an order granting or denying each petition for intervention." Public Service Company takes the position that "presiding officer" refers in the singular to the chairman of the commission, while the appellants argue that the term must refer to the full commission of three members, or at least a quorum consisting of two. *See* RSA 363:16.

In our judgment, no resolution follows from textual analysis of the statutes involved, which we will summarize briefly here. The argument for treating the chairman of the commission as the "presiding officer" starts with the statutory definition of the term in question as "that individual to whom the agency has delegated the authority to preside over a proceeding, if any; otherwise . . . the head of the agency." RSA 541-A:1, XII (Supp. 1983). The PUC commissioners, as the "agency" in this case, have not delegated authority to any "individual." Therefore, if the chairman is the "presiding officer," it can only be because he is the "head of the agency." The latter term is nowhere defined, but the company relies on the common meaning of the words in arguing that the chairman "appointed and commissioned as such," RSA 363:4, should be considered the head of the agency. *See Dover Professional Fire Officers Assoc. v. City of Dover*, 124 N.H. 165, 169, 470 A.2d 866, 868–69 (1983); RSA 21:2.

In support of their contrary position, the appellants point to RSA 363:16, which provides that "no order . . . shall be made . . . except by the full [PUC] or a majority thereof." Since RSA 541-A:17, V (Supp. 1983) expressly refers to the ruling on a petition to intervene as an "order," the appellants conclude that the chairman alone cannot make such an order and, consequently, cannot be considered the "presiding officer" for the purpose of making such an order. As further support for this view that a PUC commissioner acting alone has very limited power, the appellants cite RSA 363:17. That section provides that even when a single commissioner holds a hearing alone, in the absence of a request for a quorum of the commission, he may only report facts and make recommendations to the full commission.

In an attempt to reconcile these opposing statutory arguments the company invokes the rules that in case of inconsistency, a later statute prevails over an earlier one, and that the more specific governs the general. *Board of Selectmen v. Planning Bd.*, 118 N.H. 150, 152, 383 A.2d 1122, 1124 (1978). The company points out that RSA chapter 541-A (Supp. 1983) is the later statute and that its provisions refer specifically to rulings on intervention, whereas the provisions of RSA chapter 363 do not expressly deal with intervention requests. They therefore urge the result that the chairman may rule alone on intervention.

The appellants respond by citing the rule that implied repeal of an earlier statute by later enactment is disfavored and may be found only where statutes are mutually irreconcilable. *See Gazzola v. Clements*, 120 N.H. 25, 28, 411 A.2d 147, 150 (1980). They argue that no irreconcilable conflict arises here, since the statutes may be read together simply by construing "head of the agency" in RSA 541-A:1, XII (Supp. 1983) to mean the full commission, or a majority, required by RSA 363:16. The appellants therefore adhere to their position that the "presiding officer" referred to in RSA 541-A:17 (Supp. 1983) is the full commission of three members or a majority of them, but not the chairman alone.

These arguments prove only one point, that maxims and rules of construction have limited value in deciding concrete cases. In this case, we rest our decision not on a rule of construction, but on a consideration of policy supporting the appellants' position, that the presiding officer is the full commission or a majority.

■ It is a first principle of appellate practice that courts of appeal should not be asked to correct alleged errors that have not been raised in a trial forum first. *Sklar Realty v. Town of Merrimack*, 125 N.H. 321, 328, 480 A.2d 149, 153 (1984). "[T]rial forums should have a full opportunity to come to sound conclusions and to correct errors in the first instance . . . . This is only fair to the parties, the trial forums and the appellate courts." *Id.* (citation omitted).

■ The most obvious way to effectuate such a policy in cases like the present one is to require the full commission to pass on an intervention issue, in the absence of any express and formal delegation of authority by the full commission to the chairman or to any other single commissioner. *See* RSA 541-A:1, II (Supp. 1983). Otherwise, a majority of the PUC could be obligated without their consent to participate in a lengthy adjudicative hearing at the same time they believed that the proceeding was tainted, and its ultimate conclusion therefore placed at risk, by a prior erroneous decision of the chairman alone on a petition for intervention. Such an obvious limitation

on the responsibility of the full commission is unsound and should be avoided unless unmistakably required by statute. As the preceding analysis indicates, there is nothing unmistakable about what the statutes require in this case, and we therefore choose the interpretation that provides the full PUC with the power and responsibility to prevent error in its own proceedings. Accordingly, we conclude that the "presiding officer" referred to in RSA 541-A:17 (Supp. 1983) is the full commission or a quorum consisting of a majority of its members.

*Appeals dismissed.*

All concurred.