Hillsborough
No. 87-474

JOSEPH AND ESTHER ROSS

v.

EDWARD AND SALLY JO EICHMAN

June 8, 1988

*Law Offices of Robert J. Moses*, of Amherst (*Robert J. Moses* on the brief), by brief for the plaintiffs.

*Spaloss and Rosson*, of Nashua (*Henry F. Spaloss* on the brief), by brief for the defendants.

THAYER, J. This is the second time this case has come before us for review. *See Ross v. Eichman*, 129 N.H. 477, 529 A.2d 941 (1987). For the reasons that follow, we affirm the trial court's order of specific performance in favor of the plaintiffs.

The initial appeal was the result of the denial of the plaintiffs' petition for specific performance of a real estate contract against the defendants. *Ross*, 129 N.H. at 478, 529 A.2d at 942. The defendants objected to the granting of the petition and raised two defenses: first, that the plaintiffs had not met the terms of a financing contingency contained in the agreement, and second, that the plaintiffs had not complied with certain deposit payment terms also in the agreement. The Trial Court (*Dalianis*, J.) ruled in favor of the defendants on the first ground, but held the second ground to be irrelevant to the case. While the plaintiffs then appealed to this court on the ruling concerning the financing contingency, the defendants did not challenge, either by post-trial motion or cross-appeal, the trial court's finding that plaintiffs' noncompliance with deposit dates was irrelevant.

On appeal, we reversed the trial court and held that a financing contingency provision in a purchase and sale agreement was for the benefit of the buyers and thus could be waived by them if they decided to proceed with a cash purchase. *Ross*, 129 N.H. at 480, 529 A.2d at 944. We also held that damages could lie whether or not specific performance was granted. *Id.* We then remanded the case on the specific performance issue and for a hearing on damages. *Id.*

On remand, the plaintiffs filed a motion to compel specific performance, to which the defendants objected by stating, in essence, that other grounds existed for a denial of specific performance. Defendants claimed that the plaintiffs had breached the agreement by not complying with certain specified deposit dates and that they had dealt in bad faith. The trial court ordered the defendants to file specifications with respect to their assertions, along with a memorandum opposing plaintiffs' motion. The trial court invited the defendants to search the trial record for evidence which might support a denial of specific performance. The defendants filed requests for findings and rulings, but failed to file a supporting memorandum. The court then granted specific performance and ordered the defendants to execute a warranty deed to the plaintiffs within thirty days. In granting the plaintiffs' motion to compel specific performance, the court also granted plaintiffs' request that their counsel hold the proceeds of the sale

in escrow, pending a determination of damages. Defendants appealed.

The defendants raise the following issues: (1) whether the trial court erred in refusing to consider grounds for denying specific performance other than the financing contingency, notwithstanding our holding in the original appeal; (2) whether the court erred in refusing to make specific findings of fact and rulings of law; (3) whether the court abused its discretion in ordering the defendants to execute a warranty deed within thirty days of its decision; and (4) whether the trial court abused its discretion in ordering that the sale proceeds be held in escrow by plaintiffs' counsel pending the determination of damages.

██ On the first issue, the defendants assert that the trial court erred in not considering their alternative objections to the plaintiffs' motion to compel specific performance; namely, that the plaintiffs had not complied with deposit dates stated within the purchase and sale agreement, and that they had dealt in bad faith. The defendants, however, waived the defense of the plaintiffs' alleged noncompliance with deposit dates because they did not pursue that issue after the trial court's initial order prior to the first appeal, which resulted in that decision's becoming the law of the case. See McGrath v. McGrath, 109 N.H. 312, 314–15, 251 A.2d 336, 339 (1969) (collateral estoppel bars party from relitigating issues which he lost in a previous action). With respect to the bad faith claim, although the defendants filed requests for findings and rulings, they were conclusory in nature and did not set forth a legal theory to support a denial of specific performance as requested by the court. The defendants appear to concede that they did not clearly present a bad faith theory, but argue nonetheless that "[t]he trial court must apply the law even if the law was not called to the court's attention." Not only was the issue not properly put before the trial court, but the defendants take the position that the onus is on the trial court to seek and develop defendants' theory of relief. We refuse to adopt such a standard.

██ Similarly, the defendants' argument that the trial court erred in not making findings or rulings is without merit. Even if the trial court had made the requested findings and rulings, the defendants failed to present the court with a theory of relief to which such findings and rulings might apply.

██ The defendants' third argument, that the trial court abused its discretion in ordering the defendants to execute a warranty deed within thirty days, is also meritless. Defendants

allege that thirty days is an insufficient time within which to execute the deed. However, we cannot say, on these facts, that the time allowed by the court constituted an abuse of discretion. The granting or denial of a request for specific performance of a contract rests within the sound discretion of the trial court, which may grant or withhold relief according to all the circumstances of a case. *Gulf Oil v. Rybicki*, 102 N.H. 51, 52, 149 A.2d 877, 879 (1959). The decree will be sustained unless it is unsupported by the evidence or based on untenable grounds. *Allied Adjustment Serv. v. Heney*, 125 N.H. 698, 700, 484 A.2d 1189, 1191 (1984). Where defendants, by their own actions, have delayed the transfer of title to the property in question, they have no grounds upon which to contest the order. Defendants have failed to present any equitable reasons for further delay. *See Hanslin v. Keith*, 120 N.H. 361, 364, 415 A.2d 329, 331 (1980).

Finally, the defendants contend that the court abused its discretion in granting plaintiffs' request that the net proceeds of the sale be held in escrow by plaintiffs' counsel. They argue that the record is devoid of proof that there will be $25,000 or less in proceeds, or that defendants will not need the proceeds for the purchase of a new home. Prior to the initial trial, plaintiffs were granted an ex parte attachment of $25,000. Although defendants objected to the attachment then, they did not raise the issue on cross-appeal when this case came before us originally. Moreover, in the course of subsequent proceedings, the attachment was neither challenged nor removed. In their motion to compel specific performance, plaintiffs requested that the net sale proceeds be held in escrow by their attorney pending a determination of possible damages. The trial court granted plaintiffs' motion and, in so doing, ordered the proceeds of the sale placed in escrow. The defendants had ample opportunity to challenge the request for escrow, but failed to do so on the record. Thus, it appears that they did not raise the issue below, and they therefore may not raise it for the first time here. *Appeal of Seacoast Anti-Pollution League*, 126 N.H. 789, 792, 497 A.2d 847, 850 (1985).

*Affirmed.*

All concurred.