Public Employee Labor Relations Board
No. 92-411

## APPEAL OF DERRY EDUCATION ASSOCIATION, NEA–NEW HAMPSHIRE

### (New Hampshire Public Employee Labor Relations Board)

December 17, 1993

*James F. Allmendinger*, of Concord, staff attorney, NEA-New Hampshire, by brief and orally, for the petitioner, Derry Education Association, NEA-New Hampshire.

*Soule, Leslie, Zelin, Sayward & Loughman*, of Salem (*Michael S. Elwell* on the brief and orally), for the respondent, Derry School District.

THAYER, J.   This appeal arises from a decision of the New Hampshire Public Employee Labor Relations Board (PELRB) that the Derry School Board (board) need not submit a fact-finder's report on purely non-cost items to its legislative body, the Derry School District (school district) meeting. The Derry Education Association (association) appeals, arguing that the impasse-resolution procedures set out in RSA chapter 273-A (1987 & Supp. 1992) mandate the submission of the fact-finder's report to the legislative body of the school board for a binding vote, regardless of whether the fact-finder's report concerns purely non-cost issues. We agree in part and reverse.

The facts are not in dispute. The board and the association reached an impasse in their attempts to negotiate a collective bargaining agreement for the 1991–92 school year. They were unable to settle their differences through mediation. *See* RSA 273-A:12, I (1987). Pursuant to RSA 273-A:12 (1987), three non-cost items were submitted for fact-finding: (1) just cause/teachers' rights; (2) evaluation procedures; and (3) reduction in force. The association accepted the fact-finder's report, but the board rejected it. The association asked the board to submit the report to its legislative body, the school district, pursuant to RSA 273:A-12, III (1987). The board refused and successfully petitioned the PELRB for a declaratory judgment that it need not submit a fact-finder's report on only non-cost items to the school district for approval or rejection.

■   At the outset we note that the parties apparently have come to an agreement with respect to the 1991–92 contract. We go forward with a review of the issues, however, in the public interest. *See Basinow v. Manchester*, 111 N.H. 184, 185, 278 A.2d 346, 348 (1971).

■■   While the PELRB is vested with the authority to initially define and interpret the terms of RSA chapter 273-A, this court is the final arbiter of the intent of the legislature as expressed in the words of the statute. *Appeal of Manchester Bd. of School Comm.*,

129 N.H. 151, 152, 523 A.2d 114, 115 (1987). We will reverse the findings of the PELRB only where they are erroneous as a matter of law, unjust or unreasonable. *Id.* at 152–53, 523 A.2d at 115. In this case, we find that the PELRB erred in its interpretation of the statute.

■■ To determine legislative intent, we first look to the plain language of the provision, *City of Portsmouth v. Assoc. of Portsmouth Teachers*, 134 N.H. 642, 648, 597 A.2d 1063, 1067 (1991), considered in the context of the statute as a whole, *Blue Mountain Forest Ass'n v. Town of Croydon*, 119 N.H. 202, 204, 400 A.2d 55, 57 (1979). Where reasonably possible, statutes should be construed as consistent with each other. *Swiezynski v. Civiello*, 126 N.H. 142, 148, 489 A.2d 634, 639 (1985).

At issue here is RSA 273-A:12, III:

> "If either the full membership of the employee organization or the board of the public employer rejects the neutral party's recommendations, his findings and recommendations shall be submitted to the legislative body of the public employer, which shall vote to accept or reject so much of his recommendations as otherwise is permitted by law."

The association argues, and we agree, that the plain language of the statute requires that the entire fact-finder's report be submitted to the legislative body of the board.

We do not agree, however, with the association's assertion that the legislative body's vote on non-cost items can bind either the school board or the association. RSA 273-A:12, III requires the submission of the fact-finder's report, but only allows the legislative body to "vote to accept or reject so much of his recommendations as otherwise is permitted by law." Basic statutory construction rules require that "all of the words of a statute must be given effect and that the legislature is presumed not to have used superfluous or redundant words." *Merrill v. Great Bay Disposal Serv.*, 125 N.H. 540, 543, 484 A.2d 1101, 1103 (1984). The association's argument that the legislative body's vote on the instant fact-finder's report would be binding ignores the phrase "as otherwise is permitted by law" contained in RSA 273-A:12, III.

We read "as otherwise is permitted by law" to limit the legislative body's authority consistent with the remainder of RSA chapter 273-A. *See Swiezynski*, 126 N.H. at 148, 489 A.2d at 639. School boards, not legislative bodies, have authority to negotiate and enter into collective bargaining agreements. *See Appeal of Sanborn Regional School Bd.*, 133 N.H. 513, 519–20, 579 A.2d 282, 285 (1990). Through-

out RSA chapter 273-A the legislature described the responsibilities of legislative bodies only with respect to cost items. The chapter defines legislative bodies as the bodies "having the power to appropriate public money," RSA 273-A:1, VII (1987), and cost items as benefits requiring such an appropriation, RSA 273-A:1, IV (1987). In the context of impasse resolution, RSA 273-A:12, V (1987) permits the parties to adopt various "lawful procedures . . . as the parties may agree upon; providing that no such procedures shall bind the legislative body on matters regarding cost items." Further, the chapter expressly provides:

> "Only cost items shall be submitted to the legislative body of the public employer for approval. If the legislative body rejects any part of the submission, or while accepting the submission takes any action which would result in a modification of the terms of the cost item submitted to it, either party may reopen negotiations on all or part of the entire agreement."

RSA 273-A:3, II(b) (1987); *see City of Portsmouth*, 134 N.H. at 649–50, 597 A.2d at 1068 (interpreting section to allow legislative bodies authority only to review cost items in agreements reached through impasse resolution).

RSA 273-A:12, IV also supports this interpretation, for it provides that "[i]f the impasse is not resolved following the action of the legislative body, negotiations shall be reopened." Had the legislature intended that the vote of the legislative body be binding on all issues, it could have so stated. As the school board argues, it could have provided for impasses to be resolved *by* rather than *following* action of the legislative body. Indeed, the two paragraphs previous to paragraph IV do speak more clearly about voting authority: "If either negotiating team rejects" or "[i]f either the full membership of the employee organization or the board of the public employer rejects" the findings of the fact-finder, then the fact-finder's report is submitted to the next level for review. *See* RSA 273-A:12, II–III. Had the legislature intended that the legislative body's vote bind the parties, it could have used the same language in paragraph IV, thus requiring that the negotiations be reopened only if the legislative body also rejected the fact-finder's report. The legislature, however, chose not to do so.

We reject the school board's argument that requiring submission of a fact-finder's report to the legislative body for a non-binding vote on non-cost items is "absurd," and thus contrary to our rules of

statutory interpretation. *See Kalloch v. Board of Trustees*, 116 N.H. 443, 445, 362 A.2d 201, 203 (1976). On the contrary, according to a memorandum to the PELRB from the attorney assigned from the speaker's staff to assist the conference committee in negotiating and drafting RSA chapter 273-A:12, part of its purpose is "to broaden participation in impasse negotiations" and to make the parties vulnerable to "the publicity that will no doubt attend an impasse." Michael LaFontaine, Memorandum to Chairman of New Hampshire Public Employee Labor Relations Board (November 25, 1975) (unpublished memorandum, on file under legislative history with the PELRB). Submission of the fact-finder's report to the legislative body will likely heighten public scrutiny of the negotiations, and the expression of the legislative body's position on the report may increase the pressure on the parties to reach agreement. One of the legislative goals will thus be achieved.

█ Accordingly, we hold that RSA 273-A:12, III requires that the fact-finder's report be submitted in its entirety to the legislative body for review, but that the legislative body may not bind the parties by a vote on non-cost items.

*Reversed.*

All concurred.