Department of Safety
No. 92-466

### APPEAL OF ASTRO SPECTACULAR, INC.
### (New Hampshire Department of Safety)

March 18, 1994

*Sulloway & Hollis*, of Concord (*Warren C. Nighswander* on the brief and orally), for the petitioner, Astro Spectacular, Inc.

*Jeffrey R. Howard*, attorney general (*Geoffrey Ransom*, assistant attorney general, on the brief and orally), for the State.

BROCK, C.J.   The assistant commissioner of the New Hampshire Department of Safety (assistant commissioner) denied Astro Spectacular, Inc.'s (Astro) application to renew its license to sell fireworks. Astro appeals and we reverse.

Astro was formed as a New Hampshire corporation in April 1985, with the stated principal purpose of manufacturing and selling fireworks at wholesale. Philip E. Fitanides, who is president, secretary and sole shareholder of Astro, was convicted in 1987 for unlawful retail sales of fireworks under former RSA 160:3 (1977). *See State v. Fitanides*, 131 N.H. 298, 552 A.2d 1379 (1988). In 1992, Astro applied for renewal of its license authorizing it to sell fireworks. The assistant commissioner denied the application on the basis of Fitanides' conviction in 1987, finding that Astro and Fitanides are "one and the same." The assistant commissioner cited RSA 160-B:6, III (Supp. 1993), which prohibits persons convicted of any fireworks offense from obtaining a license to sell fireworks, as authority for denying the application. Prior to March 1, 1992, such a conviction did not disqualify the applicant. Astro's motion for rehearing was denied and this appeal followed.

Astro argues that: (1) Fitanides' criminal record should not be the basis for denying its application because the corporation and the principal are separate entities under the law and RSA chapter 160-B nowhere specifies that a corporate applicant can be denied a license based on prior convictions of one of its principals; (2) the provisions of RSA 160-B:6 operate as an impermissible retrospective law in violation of the State Constitution, as applied to Astro; and (3) RSA chapter 160-B violates the commerce clause of the Federal Constitution because it imposes an undue burden on Astro's exclusively interstate business. Because this case can be resolved on statutory grounds, we do not reach the constitutional issues. *See Britton v. Town of Chester*, 134 N.H. 434, 441, 595 A.2d 492, 496 (1991).

■ When construing the meaning of a statute, we first examine the language found in the statute, *Great Lakes Aircraft Co. v. City of Claremont*, 135 N.H. 270, 277, 608 A.2d 840, 845 (1992), "and where possible, we ascribe the plain and ordinary meanings to words used." *Id.* (quotation omitted); *see* RSA 21:2 (1988). Courts "can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include." *Brown v. Brown*, 133 N.H. 442, 445, 577 A.2d 1227, 1229 (1990) (quotation omitted). "[T]he legislative intent is to be found not in what the legislature might have said, but rather in the meaning of what it did say." *Corson v. Brown Prods., Inc.*, 119 N.H. 20, 23, 397 A.2d 640, 642 (1979).

RSA 160-B:6, III, effective March 1, 1992, provides in part that "[n]o license for the sale of fireworks shall be issued to any person who has been convicted of . . . any offenses involving fireworks or explosives laws, rules, or regulations." The word "person" may be applied to corporations as well as to individuals, RSA 21:9 (1988), "unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute." RSA 21:1 (1988).

■ The State argues that when a corporation applies for a fireworks license, RSA 160-B:6, III requires that the commissioner of safety identify the persons who control the corporation and determine whether those persons meet the standards for licensure. If the legislature intended to preclude licensure of a corporation when a principal of the business was convicted of an offense involving fireworks, it could easily have drafted the statute to do so. *See, e.g.*, RSA 178:24 (Supp. 1993) (liquor license applications and qualifications); RSA 318:51-a (Supp. 1993) (licensing of manufacturers and wholesalers of controlled drugs). The legislature did not do so here, and we will not interpret the statute to expand the scope of the terms used. *See In re Estate of Borkowski*, 120 N.H. 54, 57, 410 A.2d 1121, 1122 (1980); *cf. N.H. &c. Beverage Ass'n v. Commission*, 100 N.H. 5, 8, 116 A.2d 885, 887 (1955) (statute forbidding any "person" from "directly or indirectly" holding more than two liquor permits at one time required determination whether persons who own or control corporation have other permits).

*Reversed.*

All concurred.