Rockingham
No. 96-507

SPRAGUE ENERGY CORPORATION

v.

TOWN OF NEWINGTON

May 19, 1998

*Shaines & McEachern, P.A.*, of Portsmouth (*Robert A. Shaines* and *Jonathan S. Springer* on the brief, and *Mr. Shaines* orally), for the plaintiff.

*Donahue, Tucker & Ciandella*, of Exeter (*John J. Ratigan* on the brief and orally), for the defendant.

BROCK, C.J. The Town of Newington (town) appeals a decision of the Superior Court (*McHugh*, J.) allowing an abatement of plaintiff Sprague Energy Corporation's property tax for the 1993 tax year to be carried forward to subsequent tax years. *See* RSA 76:17-c (Supp. 1997). We reverse.

In 1982, the town conducted a reassessment of all property, including the plaintiff's, within the town. The town conducted another reassessment on April 1, 1994. *See Hill v. Marvin*, 98 N.H. 519, 522, 104 A.2d 200, 202 (1954) (noting that term "reassessment" in former statute includes both "reappraisal" and the actual computation of the property tax).

In December 1993, several months prior to the 1994 reassessment, the plaintiff sought a property tax abatement. *See* RSA 76:16 (Supp.

1997). The board of selectmen did not grant the plaintiff's request, and the plaintiff appealed to the superior court on April 18, 1994. *See* RSA 76:17 (1991) (amended 1995). The plaintiff claimed that it had been paying a disproportionately high share of real estate taxes from April 1, 1993, to the present.

In May 1996, the trial court determined the fair market value of the plaintiff's property and concluded that this amount was "applicable to not only the tax year April 1, 1993, but also to the tax years April 1, 1994 and April 1, 1995, as well as the foreseeable future tax years" under RSA 76:17-c. The trial court noted that because the 1994 reassessment did not drastically change the plaintiff's property value, the court's ruling would not prejudice the town. This appeal followed.

On appeal, the town does not dispute the abatement for the 1993 tax year. Instead, the town argues that the trial court erroneously construed RSA 76:17-c to authorize the application of the 1993 tax abatement to subsequent tax years despite the intervening general reassessment conducted in 1994. We agree.

RSA 76:17-c addresses the effect of an abatement appeal on subsequent taxes and provides:

> I. Whenever the board of tax and land appeals, pursuant to RSA 76:16-a, or the superior court, pursuant to RSA 76:17, grants an abatement on the grounds of an incorrect property assessment value, *the selectmen or assessors shall thereafter use the correct assessment value,* as found by the board or the court, in assessing subsequent taxes upon that property, until such time as they, in good faith, reappraise the property pursuant to RSA 75:8 due to changes in value, or *until there is a general reassessment in the municipality.*

> II. If, while an appeal pursuant to RSA 76:16-a or 76:17 is pending, subsequent taxes are assessed using an assessment value later found to be incorrect by the board of tax and land appeals or the superior court, the selectmen or assessors shall abate such subsequent taxes, using the correct assessment value as found by the board or the court, even if no abatement request or appeal has ever been filed with respect to such subsequent taxes.

(Emphasis added.)

The town argues that according to RSA 76:17-c, I, the intervening general reassessment in 1994 precludes the court from applying the

1993 abatement to tax years subsequent to the general reassessment. The plaintiff, however, contends that RSA 76:17-c, I, takes effect only after the abatement appeal procedure has concluded and, therefore, only RSA 76:17-c, II applies here.

■ Because this case presents an issue of statutory interpretation, we first look to the language of the statutes at issue. *Appeal of Town of Newmarket*, 140 N.H. 279, 282, 665 A.2d 1088, 1091 (1995). Where reasonably possible, statutes should be construed so that they lead to reasonable results and do not contradict each other. *Appeal of Ashland Elec. Dept.*, 141 N.H. 336, 341, 682 A.2d 710, 713 (1996); *State v. Farrow*, 140 N.H. 473, 475, 667 A.2d 1029, 1031 (1995). The words of a statute should not be read in isolation; rather, all sections of a statute must be construed together. *Doggett v. Town of North Hampton*, 138 N.H. 744, 746, 645 A.2d 673, 674 (1994); *Appeal of N.H. Catholic Charities*, 130 N.H. 822, 828, 546 A.2d 1085, 1089 (1988). We have consistently adhered to this principle, *see, e.g., Holliday v. Holliday*, 139 N.H. 213, 215, 651 A.2d 12, 14 (1994); *Border Brook Terrace Condo Assoc. v. Gladstone*, 137 N.H. 11, 13, 622 A.2d 1248, 1250 (1993); *State v. Heath*, 129 N.H. 102, 105, 523 A.2d 82, 84-85 (1986), and see no reason to depart from it here, where the statutory provisions at issue are part of the same statute and, when read together, lead to a logical result. *See Farrow*, 140 N.H. at 476, 667 A.2d at 1032.

Pursuant to RSA 76:17-c, II, if the superior court determines that an assessment is incorrect, the town shall abate taxes assessed for years following the incorrect assessment even if the taxpayer did not appeal those taxes. Thus, if this section is read in isolation, the plaintiff would be entitled to abatements for the tax years subsequent to 1993. *See* RSA 76:17-c, II. RSA 76:17-c, I, provides, however, that "the selectmen or assessors shall thereafter use the correct assessment value . . . until there is a general reassessment in the municipality." Here, the town conducted a general reassessment in 1994. *See* RSA 21-J:10 (1988); RSA 75:1 (1991). Thus, pursuant to the plain language of RSA 76:17-c, I, that reassessment extinguished the town's obligation to apply the 1993 abatement to the tax years following the general reassessment. *See* RSA 76:17-c, I.

Moreover, the purpose behind RSA 76:17-c supports reading paragraphs I and II together. As the town aptly explains in its brief, a reassessment establishes proportionality with respect to property valuations within a town. *See* RSA 76:1 (1991). An abatement action challenges the accuracy of such proportionalities. Specifically, the

taxpayer must prove that his property was assessed disproportionately to the assessment of property generally in the town. *Appeal of Town of Sunapee*, 126 N.H. 214, 217, 489 A.2d 153, 155 (1985). Because a general reassessment establishes a new set of proportionality relationships, when a general reassessment occurs, an abatement based on a previous reassessment is no longer accurate and thus does not apply.

We therefore conclude that RSA 76:17-c, I, and RSA 76:17-c, II, when read together, preclude the trial court from applying the corrected 1993 assessment to subsequent years because of the intervening general reassessment. At oral argument, the parties conceded that the remaining issues raised by the town were not properly before this court; accordingly, we will not address them.

*Reversed.*

All concurred.