Grafton
No. 98-129

## HANOVER INVESTMENT CORPORATION

### v.

## TOWN OF HANOVER

November 15, 2000

*Clauson & Atwood*, of Hanover (*K. William Clauson* on the brief and orally), for the plaintiff.

*Gardner & Fulton*, of Lebanon (*Adele M. Fulton* on the brief), and *Donahue, Tucker & Ciandella*, of Exeter (*John J. Ratigan* on the brief and orally), for the defendant.

BRODERICK, J. The plaintiff, Hanover Investment Corporation (HIC), was denied a real estate tax abatement by the defendant, the Town of Hanover (town). HIC successfully appealed to the Superior Court (*Smith*, J.). The town now appeals to this court and HIC cross-appeals. We affirm in part, reverse in part, and remand.

HIC applied for an abatement of the town's 1993 tax assessments of its eighteen commercial properties. The town asserted that the properties had an aggregate fair market value of $5,694,673 and rejected the plaintiff's abatement request.

After filing an appeal in the superior court, the plaintiff hired Ricard Associates in late 1994 to appraise the disputed properties. Their appraisal valued the real estate at $3,519,000, and the firm's $27,000 fee was paid in June 1996. Shortly before trial in October 1997, Douglas Ricard agreed, despite the absence of any underlying contractual obligation, to provide expert testimony for no additional compensation.

Ricard was appointed to the New Hampshire Board of Tax and Land Appeals (board) in September 1996, and reappointed to a five-year term in October 1997. Upon learning that Ricard was a member of the board, the town sought to disqualify him from testifying in the case. The trial court denied the town's motion, concluding that RSA 71-B:1 (Supp. 1999), which prohibits employment by board members that conflicts with their official duties, did not apply because Ricard was not paid to testify and, hence, was not "employed." The court also reasoned that RSA 71-B:6, II (1991), which prohibits board members from providing expert testimony for any party before the board, was not violated because the appeal was filed in the superior court. Finally, the trial court ruled that Ricard's proposed testimony did not compromise the guarantee of Part I, Article 35 of the New Hampshire Constitution mandating judges "as impartial as the lot of humanity will admit" because he had no adjudicatory role in the disposition of the appeal.

During trial, the court issued an order *sua sponte* conceding that it "may have made an error in ruling on certain requests made by . . . the [town]." The order recited:

> The appeal taken by the plaintiff in this matter is for the tax year beginning April 1, 1993. RSA 76:17[-]c [Supp. 1999] gives the winner the benefit of future tax years. In this case, it would be limited to 1994 and 1995. Although this Court has admitted evidence of value for the years 1994 and 1995, the decision of the Court will be made based upon fair market value for the tax year beginning April 1, 1993 only. Any evidence of value offered beyond April 1, 1993 will be given the weight that it deserves, but will not be binding.

The plaintiff filed a post-trial motion to clarify this order, arguing that the court erroneously limited the future effect of its decision to the two subsequent tax years rather than extending it to all tax years between 1994 and 1997. The motion was denied.

On appeal, the town argues that the trial court erred in allowing Ricard to testify as an expert witness in violation of RSA 71-B:1 when he had an employment relationship with the plaintiff, and that

his employment compromised its constitutional right to a trial before an impartial judicial officer. The town also asserts that the court erred by excluding all evidence of valuation for the plaintiff's properties for tax years subsequent to 1993. The plaintiff cross-appeals, contending that the trial court should have applied the corrected 1993 valuation of its properties to all subsequent tax years, as required by RSA 76:17-c.

I

We first address whether Ricard's testimony was prohibited by either RSA 71-B:1 or the State Constitution. "[T]his court is the final arbiter of the intent of the legislature as expressed in the words of the statute." *Appeal of NH Dept. of Transportation*, 144 N.H. 555, 556, 744 A.2d 1128, 1129 (1999) (quotation omitted). "Our analysis must start with consideration of the plain meaning of the relevant statutes, construing them, where reasonably possible, to effectuate their underlying policies." *Nashua School Dist. v. State*, 140 N.H. 457, 458, 667 A.2d 1036, 1038 (1995) (citation omitted).

RSA 71-B:1 provides, in pertinent part:

> There is hereby established a board of tax and land appeals, hereinafter referred to as the board . . . . The members of the board shall be full-time employees and shall not engage in any other employment during their terms that is in conflict with their duties as members of the board.

The statute makes clear that board members are prohibited from engaging "in any other employment during their terms" that conflicts with their official duties.

In this case, we agree with the trial court that Ricard did not violate RSA 71-B:1 by offering expert testimony in the superior court because he was not employed to do so. *See* BLACK'S LAW DICTIONARY 525 (6th ed. 1990) (term "employed" signifies "both the act of doing a thing and . . . being under contract . . . to do it"). At the time Ricard agreed to testify, he had fully discharged his contractual obligation and had been fully compensated. He had no express or implied obligation to testify, and he elected to do so at no charge. He could not have been forced to testify, nor would he have been subject to any claim of breach for failure to do so.

While it is arguably true, as the town suggests, that by testifying Ricard created a conflict with his official duties because he would be required to recuse himself from pending and future cases before the

board involving the town, *see* RSA 71-B:5 (Supp. 1995) (amended 1999) (board has duty to hear and resolve *all* matters regarding taxation and equalization issues), the applicable statute is written in the conjunctive. A conflict by itself, not generated by employment, is insufficient to disqualify Ricard from testifying.

■ We also affirm the trial court's ruling that allowing Ricard to testify would not violate the defendant's constitutional right to try its case before an impartial tribunal because the case was tried in the superior court without any actual or potential involvement by the board. When the plaintiff appealed the town's denial of its tax abatement application to the superior court, it effectively foreclosed any involvement by the board. *See* RSA 71-B:11 (1991). Ricard's testimony before the superior court would in no way taint the impartiality of the presiding judge.

## II

We turn next to the plaintiff's argument that the trial court erred by applying its valuation determination to only the 1994 and 1995 tax years, and not to subsequent years.

RSA 76:17-c provides, in pertinent part:

> I. Whenever the . . . superior court, pursuant to RSA 76:17, grants an abatement on the grounds of an incorrect property assessment value, the . . . assessors shall there-after use the correct assessment value, as found by the board or the court, in assessing subsequent taxes upon that property, until such time as they, in good faith, reappraise the property pursuant to RSA 75:8 due to changes in value, or until there is a general reassessment in the municipality.

> II. If, while an appeal pursuant to RSA . . . 76:17 is pending, subsequent taxes are assessed using an assess-ment value later found to be incorrect by the . . . superior court, the selectmen or assessors shall abate such subse-quent taxes, using the correct assessment value as found by the . . . court, even if no abatement request or appeal has ever been filed with respect to such subsequent taxes.

RSA 76:17-c is intended to remedy the "mischief" created by backlogs in courts with jurisdiction to hear appeals of property tax assessments. *See Appeal of Town of Newmarket,* 140 N.H. 279, 283, 665 A.2d 1088, 1091-92 (1995). Generally, "[p]ursuant to RSA 76:17-c, II, if the superior court determines that an assessment is

incorrect, the town [must] abate taxes assessed for years following the incorrect assessment even if the taxpayer did not appeal those taxes." *Sprague Energy Corp. v. Town of Newington*, 142 N.H. 804, 806, 710 A.2d 1005, 1006 (1998). The trial court may not, however, apply the corrected assessment to tax years subsequent to either reappraisal of the plaintiff's property pursuant to RSA 75:8, or a general municipal reassessment. *See id.* at 807, 710 A.2d at 1007; RSA 76:17-c, I.

■ The town in this case performed neither a reappraisal of the plaintiff's property nor a general reassessment in the town between 1993 and 1997. Accordingly, we hold that the corrected assessment value applies to all years between 1993 and 1997. *See* RSA 76:17-c. The town argues that the trial court did not err in restricting the application of the corrected assessment to the 1994 and 1995 tax years because the plaintiff's purchase of additional property in 1995 and 1996 resulted in "an RSA 75:8 revised inventory of properties" owned by the plaintiff. This argument is without merit. The plain language of RSA 76:17-c requires the trial court to apply the corrected assessment to all subsequent tax years until a reappraisal or general reassessment is conducted. Because no such intervening act was undertaken by the town in this case, the corrected assessment as determined by the trial court applies to all subsequent tax years. *See Sprague Energy Corp.*, 142 N.H. at 806, 710 A.2d at 1006.

### III

Finally, we address the town's argument that the trial court erred in limiting the relevance of evidence it offered on the valuation of the plaintiff's property after April 1993, and not allowing such evidence to be weighed with respect to subsequent years. Because subsequent tax years are subject to abatement and correction pursuant to RSA 76:17-c, the town argues, we should interpret RSA 76:17-c to permit a party to introduce evidence as to any assessment year subject to correction.

■ The town's argument is without merit. The only issue in this case was the value of the plaintiff's property during the 1993 tax year. The court did not abuse its discretion by receiving evidence of value for tax years 1994 and 1995 but only according it such weight as it deserved. *See State v. Naughton*, 139 N.H. 73, 77, 650 A.2d 327, 330 (1994). The town contends that it is unfair to limit the issue to the value of the plaintiff's property during the 1993 tax year

because the value of the plaintiff's property may have increased during the pendency of its appeal. If the town believed that the plaintiff's property increased in value during tax years after 1993, it was obligated to reappraise the property pursuant to RSA 75:8.

Issues raised in the town's notice of appeal but not addressed in its brief are waived. *See State v. Dorval*, 144 N.H. 455, 458, 743 A.2d 836, 839 (1999).

*Affirmed in part; reversed in part; and remanded.*

THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., and HORTON, J., concurred; NADEAU and DALIANIS, JJ., who took part in the final vote by consent of the parties, concurred.