Cheshire
No. 84-028

THE STATE OF NEW HAMPSHIRE

v.

ROBERT L. FEE

February 13, 1985

*Gregory H. Smith*, attorney general (*John A. Malmberg*, assistant attorney general, on the brief), by brief for the State.

*Richard G. Smith*, of Jaffrey, by brief for the defendant.

DOUGLAS, J. The defendant was convicted in Superior Court (*Contas*, J.) of driving while under the influence of intoxicating liquor. RSA 265:82. In this appeal, we are asked only to determine whether the trial court erred in finding that the defense of compet-

ing harms was unavailable to the defendant. We find no error and affirm.

The burglar alarm at the Village Pharmacy in Jaffrey was activated on November 19, 1982, during the early morning hours. A Jaffrey police officer was dispatched by Southwestern New Hampshire Mutual Aid, in Keene, where the alarm sounded. Upon his arrival at the pharmacy, the officer found all the doors and windows secure. He then called Mutual Aid to have it contact someone to reset the alarm. A second police officer arrived shortly thereafter as a backup.

While the officers waited in the parking lot of the pharmacy for someone to respond, Mutual Aid telephoned the defendant and informed him that the burglar alarm at the pharmacy had been tripped. At the time of the incident, the defendant was the pharmacist in charge of the pharmacy. As such, his name, along with that of the pharmacy owner, was listed at Mutual Aid as a person to contact when the pharmacy alarm was set off. The defendant had been contacted by Mutual Aid on ten to twelve prior occasions in the same manner, but only once was there any indication of an entry into the pharmacy.

The defendant immediately drove the one-quarter mile distance to the pharmacy. Both officers testified at trial regarding the defendant's demeanor upon exiting his car. According to that testimony, the defendant stumbled as he got out of his car and staggered as he walked toward the officers. The defendant's eyes were extremely bloodshot, his speech was slurred, and his breath had the odor of alcohol. After performing poorly on a series of field sobriety tests, the defendant was arrested for driving while intoxicated. A breathalyzer test administered at the police station revealed a blood-alcohol content of .13 percent. The defendant admitted consuming two twelve-ounce drinks, each containing three shots of alcohol, earlier in the evening.

At his trial for DWI, the defendant sought to raise the defense of competing harms pursuant to RSA 627:3. He argued that he believed it necessary that he, as the only person able to identify immediately any missing inventory, arrive at the pharmacy as quickly as possible in order to avoid the potential distribution of dangerous drugs by the perpetrator of a possible burglary. Following a bench trial, the court found the defense of competing harms unavailable to the defendant and convicted him of driving while under the influence. The defendant objected to the trial court's ruling, and this appeal followed.

■ The statute defining the use of the competing harms defense provides in relevant part:

"Conduct which the actor believes to be necessary to avoid harm to himself or another is justifiable if the desirability and urgency of avoiding harm outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the statute defining the offense charged."

RSA 627:3, I. It essentially codifies the common-law defense of necessity. *State v. Dorsey*, 118 N.H. 844, 845, 395 A.2d 855, 856 (1978). "The common-law defense dealt with imminent dangers from obvious and generally recognized harms. It did not deal with nonimminent or debatable harms . . . ." *Id.* at 846, 395 A.2d at 857. An individual is protected from prosecution under the competing harms defense if he commits a criminal "act that was *urgently necessary* to avoid a *clear and imminent* danger." *Id.* at 847, 395 A.2d at 857 (emphasis added).

■■ In the present case, the defendant's contention that the danger created by the possible distribution of stolen prescription drugs justified his drunk driving, while creative, is untenable. Even if the defendant could successfully argue that the potential distribution of such drugs might otherwise create a danger imminent enough to justify his actions under the competing harms defense, he certainly cannot do so in this case. "This defense cannot lightly be allowed to justify acts taken to foreclose speculative and uncertain dangers. Its application must be limited to acts directed to the prevention of harm that is reasonably certain to occur." *State v. Warshow*, 138 Vt. 22, 25, 410 A.2d 1000, 1002 (1979) (citing *State v. Dorsey, supra* at 846, 395 A.2d at 857).

The officer who investigated the incident, finding no evidence of entry into the pharmacy, called Mutual Aid so that it could summon somebody to reset the alarm. When called, the defendant was not told that a burglary had occurred or that any drugs had been taken, but only that the alarm had been tripped. These facts, along with the defendant's past experience in responding to false alarms at the Village Pharmacy, precluded any reasonable certainty of the danger he alleges, even if that danger could be termed "imminent."

■■ Assuming *arguendo* that the defendant reasonably perceived an imminent danger, he had available to him courses of conduct that did not require him to drive while intoxicated. The defense of competing harms is not available to justify unlawful conduct when lawful alternatives exist which will cause less, if any, harm. W. LaFave & A. Scott, Criminal Law § 50, at 387 (1972); *Com. v. Hood*, 452 N.E.2d 188, 196 (Mass. 1983). The defendant could have

called the store owner for transportation or even requested the owner to respond to the alarm himself. He also could have called for a police transport. Finally, he might have walked the one quarter mile distance to the pharmacy. There is no evidence that the defendant considered any of these alternatives. Therefore, even if the defendant had reasonably believed an imminent danger existed, the conduct he chose was unjustified.

We hold, as a matter of law, that the defense of competing harms was not available to this defendant and that the trial court was correct in so ruling.

*Affirmed.*

All concurred.