Rockingham
No. 84-382

THE STATE OF NEW HAMPSHIRE

v.

CLAUDIA L. WILLIAMS

August 7, 1985

*Stephen E. Merrill*, attorney general (*Tina Schneider*, attorney, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

The defendant, Claudia Williams, claims that the defense of "competing harms" should have been a part of the trial court's charge to the jury in her trial for welfare fraud. We affirm.

The defendant was indicted for welfare fraud in violation of RSA 167:17-b, I(d) (Supp. 1983). The basis of the indictment was her failure to report income, resulting in her receipt of $1,265.00 in food stamp benefits to which she was not entitled. The record indicates that the defendant, after applying for food stamps, obtained employment and for a ten-month period beginning November 1982, and ending August 1983, received food stamps, without informing the division of welfare that she was working.

Prior to trial, the defendant notified the State and the trial court that she intended to rely on the defense of competing harms, which

is set out in RSA 627:3. At the close of trial, the defendant requested a jury instruction on the defense of competing harms. The Superior Court (*Bean*, J.) denied the requested instruction, reasoning that it was inapplicable to the defendant's case.

■ "A requested charge on a party's theory of defense must be given if such theory is supported by some evidence." *State v. Aubert*, 120 N.H. 634, 635, 421 A.2d 124, 125 (1980). To support her theory of defense, the defendant points to her testimony that her failure to report her changed circumstances concerning her food stamp eligibility was due to her immediate need to provide for her family. The defendant claims that this testimony, considered in light of other evidence concerning her belief as to the uncertainty of her employment and other family hardships, is sufficient evidence to support a jury instruction on the competing harms defense. We disagree.

■ "An individual is protected from prosecution under the competing harms defense if he commits a criminal 'act that was *urgently necessary* to avoid a *clear and imminent* danger.'" *State v. Fee*, 126 N.H. 78, 80, 489 A.2d 606, 607 (1985) (quoting *State v. Dorsey*, 118 N.H. 844, 847, 395 A.2d 855, 857 (1978)). "'Its application must be limited to acts directed to the prevention of harm that is reasonably certain to occur.'" *State v. Fee, supra* at 80, 489 A.2d at 607 (quoting *State v. Warshow*, 138 Vt. 22, 25, 410 A.2d 1000, 1002 (1979)). The defense deals with dangers "about which there can be no dispute." *State v. Dorsey, supra* at 846, 395 A.2d at 856. There being no evidence that defendant's acts were urgently necessary to avoid a clear and imminent danger, the requested jury instruction on the competing harms defense was properly denied.

*Affirmed.*