Richard C. JONES, et al., Appellants,

v.

The CITY OF TULSA, Appellee.

No. M–89–1248.

Court of Criminal Appeals of Oklahoma.

July 27, 1993.

---

Richard D. White, Jr., Tulsa, for appellants.

. Neal E. McNeill, City Atty. and Mark H. Newbold, Asst. City Prosecutor, Tulsa, for appellee.

*OPINION*

## JOHNSON, VICE PRESIDING JUDGE:

The appellants were convicted in Tulsa Municipal Court, City of Tulsa, for Trespassing pursuant to 27 Tulsa Rev.Ord. § 626(a) or § 626(c). The trial judge sentenced each of the forty-two (42) appellants to a $50.00 fine plus the court cost.

On April 29, 1989, the forty-two (42) appellants, with others, entered the premises of Reproductive Services Adoption Affiliates in Tulsa to "rescue unborn children from death." While on the premises, the appellants positioned themselves to block the entrances to the clinic. The director of the clinic demanded those present to leave the premises. When the appellants did not comply, the director contacted the police who responded and arrested the protestors.

The appellants were prepared to use the defense of necessity at trial. However, pursuant to the City of Tulsa's motion in limine, the appellants were prohibited from using the defense when the trial judge concluded the defense would not apply. As a result, the appellants were tried and sentenced and have perfected this appeal to challenge the trial judge's determination about the necessity defense. In addition, certain of the appellants have challenged the sufficiency of evidence presented by the City of Tulsa to satisfy the Trespassing charge. We have reviewed the record, and affirm the decision of the trial court.

Initially, the appellants challenge the trial judge's decision to grant a Motion in Limine in favor of the City. The trial judge properly sustained the City's Motion in Limine to disallow the use of the necessity defense. Appellee correctly points out that Oklahoma does not have a statutory provision for the necessity defense. To review appellants' argument, it is therefore necessary to review the common law and other state law in reference to the facts in the case due to the fact that this is a case of first impression in Oklahoma.

In general, the defense of necessity is allowed when a defendant is faced with the burden of committing a lesser

harm to prevent the occurrence of a different and somewhat greater harm. The harm being prevented needs to be *significant* and *immediate*. Here, appellants contend this criteria was met because the trespass was carried out to avoid the termination of human life. This conclusion is too remote in time to apply to the necessity-defense.

. The Model Penal Code requires the following criteria before one can utilize the necessity defense:

Section 3.02.

(1) Conduct that the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable, provided that:

(a) the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged; and

(b) neither the Code nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and

(c) a legislative purpose to exclude the justification claimed does not otherwise plainly appear.

(2) When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or evils or in appraising the necessity for his conduct, the justification afforded by this Section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish culpability.

While this criteria is not binding in Oklahoma, it is clear that the behavior of the appellants do not trigger the defense of necessity under the aforementioned criteria.

 Review of the record indicates the appellants were reckless or negligent in creating the situation which gave rise to this case. Absent their conduct, they would not have been faced with the choice of having to choose between different types of "illegal" conduct. In other words, the defendant cannot create the circum-

stance(s) which gave rise to the choice(s). As in this case, the acts cannot be self-imposed and must come about by some other superseding cause. Obviously, the appellants conduct was not influenced by such an event.

The argument to deny appellants' request does not end here. In addition, it is necessary to analyze whether the appellants' attempt to prevent abortions was actually an effort to thwart illegal activity. The Model Penal Code will not allow the defense of necessity where a legislative purpose clearly disallows it or where a purpose or act declares such conduct lawful.

 Under the present status of the law, abortion is not an illegal act. One's right to an abortion is constitutionally protected and defined by statute. The appellants' behavior can be categorized as a choice of morals and values. Case law in other jurisdictions indicate the necessity defense will not apply when one chooses between different values. *State v. Fee*, 126 N.H. 78, 489 A.2d 606 (1985). Even though many recent changes have occurred which affect certain aspects of abortion, the right remains and is subject to regulation within certain constitutional guidelines. *Webster v. Reproductive Health Services*, 492 U.S. 490, 109 S.Ct. 3040, 106 L.Ed.2d 410 (1989). Because the right to an abortion is still constitutionally protected, it cannot be said, as a matter of law, that the behavior by the appellants would be protected by the necessity defense.

In conclusion, the appellants were not preventing an unlawful act by committing a trespass. The appellants chose to weigh their values against the values of others which were and are constitutionally protected. Therefore, the defense of necessity clearly will not apply.

As a result, it cannot be said the judge abused his discretion when he sustained the City of Tulsa's Motion in Limine. The appellants' argument on this issue is without merit.

In their final proposition of error, a certain number of the appellants contend the

evidence to satisfy the charge of Trespassing was insufficient.

Initially, it needs to be noted, as outlined in proposition one, that the necessity defense is triggered when an act is committed to prevent a greater harm from occurring. As a result, this allegation of error contradicts the appeal made in the first proposition because the appellants, by raising the defense, have admitted to committing the act.

Part of the appellants were charged under Tulsa Revised Ordinance 27 § 626(a) which provides as follows:

Trespassing is hereby declared to be an offense and shall be defined as follows: A. Each and every actual entry upon the premises of another person's real property, public or private, without the owner's or occupant's consent thereof, whether expressed or implied.

The remainder of the appellants were charged under Tulsa Revised Ordinance 27 § 626(c) which provides as follows:

Trespassing is hereby declared to be an offense and shall be defined as follows: E. Remaining upon the premises of another, whether public or private, and refusing to leave said premises forthwith after demand by the owner or occupant.

Those convicted under this statute do not challenge the trial court's decision for the purpose of this proposition.

At trial, the City of Tulsa presented the testimony of the clinic's director, who indicated the appellants had not received permission to be on the premises. The appellants contend the clinic is open to the public, and as a result, the public has implied consent to enter the premises without fear of criminal prosecution. Initially, we need to note that the appellants have failed to cite any authority in support of their argument.

However, the City of Tulsa at trial, presented evidence to show that the clinic was open to the public for those with whom the clinic was doing business. In addition, signs posted around the clinic alerted the public to the private nature of the clinic's business, and only those welcome to conduct business were invited upon the premises. Also, the clinic went to great lengths to ask the appellants to leave the premises. The evidence revealed the appellants deliberately remained on the premises even after the request for them to leave had been given. *Guindon v. State*, 627 P.2d 449 (Colo.1981). Furthermore, evidence was offered to the effect that one of the appellants knew in advance he was committing a trespass. Finally, the director testified that the clinic had prior knowledge that the protest would take place, but that no one had given permission for anyone to enter the premises. As a result, it cannot be said the evidence was insufficient to present to a trier of fact.

Therefore, the Judgment and Sentence of the trial court is **AFFIRMED.**

LUMPKIN, P.J., and LANE and CHAPEL, JJ., concur.