Carroll
No. 94-802

### THE STATE OF NEW HAMPSHIRE

v.

### JAMES BERNARD

July 24, 1996

*Jeffrey R. Howard,* attorney general (*Julie Kielty Connolly,* attorney, on the brief, and *Jeffrey S. Cahill,* assistant attorney general, orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J. The defendant, James Bernard, appeals the decision of the Superior Court (*Fitzgerald*, J.) convicting him of driving after having been certified an habitual offender. *See* RSA 262:23 (1993). The defendant argues that the trial judge erred by precluding the defendant from relying on the competing harms defense to the charge. *See* RSA 627:3 (1986). We reverse and remand.

The following facts are not in dispute for purposes of this appeal. On January 12, 1994, the defendant was certified an habitual offender. On March 15, 1994, the defendant took a trip from Milton to North Conway with his fiancee and her two children. While driving, the defendant's fiancee became ill and took some pain medication which affected her ability to drive safely. Eventually, the defendant persuaded her to pull to the side of the road so that he could drive. Minutes later, a State trooper stopped the defendant because the car was missing its front registration plate. The trooper arrested the defendant and charged him with driving after having been declared an habitual offender.

Prior to trial, the defendant notified the court of his intention to rely on the competing harms defense. *See* RSA 627:3. The court ruled, however, that the competing harms defense is not available to a person charged under the habitual offender statute because that statute specifically allows the court to suspend all or part of a sentence when a violation was necessitated by an emergency situation. *See* RSA 262:23, I. The court concluded that the legislature intended that any consideration of competing harms with respect to the habitual offender statute occur only at the time of sentencing. Based on the court's ruling, the defendant waived his right to a jury trial.

At trial, the defendant filed an offer of proof on competing harms defense. The court reiterated its ruling that the defense was unavailable to habitual offenders. The court further found that the defendant's driving was not necessitated "by a situation of apparent extreme emergency requiring operation to save life or limb," and sentenced him to twelve months in the house of correction, the minimum mandatory sentence under the habitual offender statute. *See id.* The defendant appealed, asserting that the trial court erred in ruling that the defense of competing harms was not available to habitual offenders.

Our analysis of this appeal issue is guided by well-established standards of statutory interpretation. The general rule is as follows:

When construing the meaning of a statute, we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to words used. Courts can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include. The legislative intent is to be found not in what the legislature might have said, but rather in the meaning of what it did say.

*Appeal of Astro Spectacular*, 138 N.H. 298, 300, 639 A.2d 249, 250 (1994) (quotations, citations, and brackets omitted). Where the Criminal Code is at issue, the common law rule that statutes are to be strictly construed does not apply. Rather, provisions of the code "shall be construed according to the fair import of their terms and to promote justice." RSA 625:3 (1986); *see State v. Soucy*, 139 N.H. 349, 355, 653 A.2d 561, 565 (1995).

■ Two statutes are at issue in the case before us. The first, RSA 262:23, I, governs habitual offenders. The statute makes it unlawful for a person to drive a motor vehicle while an order of the director or court prohibiting such driving remains in effect. In addition, the statute governs sentencing for habitual offenders. It provides, in part:

> [A]ny sentence or part thereof imposed pursuant to this section may be suspended in cases in which the driving of a motor vehicle was necessitated by situations of apparent extreme emergency which required such operation to save life or limb.

The relevant portion of the statute, by its terms, applies to *sentencing only*. It limits the scope of inquiry to whether the emergency situation put life or limb at risk.

■ The second statute at issue, RSA 627:3, I, is part of the Criminal Code. It establishes the defense of competing harms and provides, in part:

> Conduct which the actor believes to be necessary to avoid harm to himself or another is justifiable if the desirability and urgency of avoiding such harm outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the statute defining the offense charged.

This section "establishes a statutory defense akin to the common-law defense of necessity." *State v. Dorsey*, 118 N.H. 844, 845, 395 A.2d 855, 856 (1978). "An individual is protected from *prosecution*

under the competing harms defense if he commits a criminal act that was urgently necessary to avoid a clear and imminent danger." *State v. Fee*, 126 N.H. 78, 80, 489 A.2d 606, 607 (1985) (quotation and emphasis omitted; emphasis added). In a case interpreting precisely the two statutes at issue in this case, we explained that where the competing harms doctrine applies, it is a "defense to any offense." *State v. O'Brien*, 132 N.H. 587, 589, 567 A.2d 582, 583 (1989) (quotation omitted); *see* RSA 627:1 (1986).

■ RSA 627:3 "sets up a balancing test. In order for the defense to be available, the desire or need to avoid the present harm must outweigh the harm sought to be prevented by the violated statute." *O'Brien*, 132 N.H. at 589, 567 A.2d at 583. In *O'Brien*, we affirmed the trial court's decision that the competing harms defense was unavailable to that particular defendant. *Id.* at 592, 567 A.2d at 585. There the trial court determined that consideration of the competing harms defense was unwarranted. *Id.* We agreed and found that

> no reasonable person, viewing the evidence in the light most favorable to the defendant, could have found that the legislature, through enactment of RSA 627:3, intended that the [desire or need to avoid the asserted harm] would outweigh the harm sought to be prevented by RSA 262:23, that of keeping habitual offenders from driving.

*Id.* at 590–91, 567 A.2d at 584.

In the case before us, the trial court made no such determination at trial. Rather, the court "advised counsel that it does not believe that the [defense] of competing harms is available to a person charged with an habitual offender charge." We disagree. The trial court's consideration of the defendant's statutory sentence suspension argument in sentencing does not cure the court's error at trial in refusing to consider a competing harms defense.

■ Competing harms is a statutory defense on the issue of guilt or innocence in the trial of the charge. RSA 627:1, :3, I. It is a justification defense, and the legislature has stated that the justification defenses set forth in RSA chapter 627 shall constitute a defense to "any offense." RSA 627:1. We must take the legislature at its word and not infer an intent to abolish this clear establishment of a defense from a legislative provision for judicial discretion in sentencing. The provision for judicial discretion in sentencing in habitual offender cases was enacted in 1969, Laws 1969, 433:1, and was in effect when the legislature adopted the broad sweep for justification defenses, Laws 1971, 518:1 (effective November 1, 1973).

██ The standards applied in the two proceedings are substantially different. At sentencing, the court must determine whether the proscribed operation was "necessitated by situations of apparent extreme emergency which required such operation to save life or limb." RSA 262:23, I. At trial, when a competing harms defense has been sufficiently brought into play, the State must prove, beyond a reasonable doubt, *see* RSA 625:10, :11, III(c) (1986); *Soucy*, 139 N.H. at 352–53, 653 A.2d at 564, that the operation in issue was not conduct believed by the defendant to be necessary to avoid harm to himself or another, where the harm perceived outweighs the harm sought to be prevented by the statute (this weighing to be measured objectively). *See* RSA 627:3, I. Thus, the competing harms defense has much broader potential application. It requires an analysis and balancing of both harms without any absolute hurdle to overcome. If the State fails to prove the absence of justification, where the defense has been properly raised, the sentencing standard will not come into play.

██ Nor can we say with certainty that a finding of guilt at trial, in the face of a properly raised competing harms defense, will preclude the judicial sentencing discretion. The relative analysis at trial, even in cases of operation in extreme emergency involving threat to life and limb, may not overcome the harm sought to be prevented by the statute. Further, the defendant, at sentencing, may have proof admissible on his behalf that was not available to him at trial. *See* N.H. R. EV. 1101(d)(3).

██ The State argues that the evidence submitted by the defendant would not support a competing harms defense and that the trial court, therefore, properly rejected the defense. The trial court, however, refused to consider the defense on the basis of applicability and never ruled on its merits. The State would have us affirm the trial court's result without regard to the trial court's unsustainable reason. *See Quinlan v. City of Dover*, 136 N.H. 226, 230, 614 A.2d 1057, 1059 (1992). The record, however, is not sufficiently developed for us to determine inapplicability of the competing harms defense as a matter of law. Accordingly, we reverse and remand for a new trial. At trial, RSA 627:3, I, applies, and the trial court must apply the *O'Brien* balancing test to determine if the competing harms defense is available to the defendant. The scope of the trial court's inquiry is defined by the type of harm sought to be avoided by the defendant compared to the type of harm sought to be avoided by the particular statute the defendant has violated. If the trial court determines that no reasonable person, viewing the evidence in the light most favorable to the defendant, could maintain

a reasonable doubt as to the absence of the defense, namely, that the harm sought to be avoided by the defendant outweighs the harm sought to be avoided by the violated statute, then the competing harms defense is unavailable to the defendant. *See O'Brien*, 132 N.H. at 590–91, 567 A.2d at 584; *see also* RSA 626:7, I(a) (1986); RSA 627:1, :3. At sentencing for habitual offenders, RSA 262:23, I, applies, and the trial court must consider whether the defendant faced an extreme emergency involving danger to life or limb.

*Reversed and remanded.*

All concurred.