Dear Senator Dunlap,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Is 21 O.S. 2001, § 1835.1, which prohibits a person who has been convicted of a crime which occurred on business premises from entering any business owned, leased or under the control of that business owner against the owner's wishes, the sole method by which a business owner may exclude a patron from the business premises?
 2. Does 21 O.S. 2001, § 1835.1[21-1835.1] apply to common areas not actually inside a business such as parking lots, walkways or sitting areas?
 Introduction
¶ 1 Your questions generally relate to the circumstances under which a business owner may lawfully exclude a person from entering or remaining on the premises of the owner's business. For instance, a business owner may want to exclude a person that has been arrested, but not yet convicted, of shoplifting at the owner's store. You essentially ask, whether 21 O.S. 2001, § 1835.1[21-1835.1] is the sole method by which an owner of a business may lawfully keep an individual from entering his or her store.
 I. 21 O.S. 2001, § 1835.1[21-1835.1]
¶ 2 The statute you specifically cite in your question, 21 O.S. 2001, § 1835.1[21-1835.1], is a criminal statute which provides in pertinent part:
 A. Every person, partnership, corporation or other legal entity engaged in any public business, trade, or profession of any kind wherein merchandise, goods or services are offered for sale may forbid the entry or presence of any person upon the premises of the place of business, if the person has been convicted of a crime involving entry onto or criminal acts occurring upon any real property owned, leased, or under the control of such person, partnership, corporation or other legal entity. Such crimes shall include, but are not limited to, shoplifting. . . .
 B. In order to exercise the authority conferred by subsection A of this section, the owner or an agent of the owner of a public business . . . must notify the person whom the owner or agent desires to prohibit from such owner's place of business.
 C. No person shall willfully enter or remain upon the premises after being expressly forbidden to do so in the manner provided for in this section. Any person convicted of violating the provisions of this section, upon conviction, shall be guilty of trespass and shall be punished by a fine of not more than Two Hundred Fifty Dollars ($250.00) or by confinement in the county jail for a term of not more than thirty (30) days, or by both such fine and imprisonment.
 D. The provisions of this act shall not preclude any other remedy allowed by law.
Id. (footnote omitted).
¶ 3 This criminal statute provides that once a person has been convicted of a crime that occurred on any "real property owned, leased, or under the control of" a business owner, the owner, after notice to the convicted person, may thereafter ban that person from his or her business premises. Id. § 1835.1(A). If, however, the person seeking to frequent the business has not been convicted of a crime, this statute does not apply.
 II. "The Right To Exclude Others Is An Essential Stick In The Bundle Of Property Rights."[1]
¶ 4 "[T]he `right to exclude,' [is] universally held to be a fundamental element of . . . property right[s]."Kaiser Aetna v.United States, 444 U.S. 164, 179-80 (1979). Therefore, a business owner may prohibit persons from entering or remaining on his or her premises provided the owner does not unlawfully discriminate against a protected class.[2]
¶ 5 In certain circumstances, this right may be protected through the use of criminal trespass laws. One such criminal trespass law is 21 O.S. 2001, § 1353[21-1353] which provides in part:
 Every person who intrudes . . . upon any lot or piece of land within the bounds of any incorporated city or town without license or authority from the owner thereof, . . . is guilty of a misdemeanor.
Id.
¶ 6 Title 21 does not define the term "intrude." Words in a statute must be understood in their ordinary meaning, except when a contrary intention plainly appears or when otherwise defined by the Legislature. 25 O.S. 2001, § 1[25-1]. The ordinary definition of "intrude" is: "to thrust oneself in: come or go in without invitation, permission, or welcome[.]" Webster's Third New International Dictionary 1187 (3d ed. 1993). Consequently, 21 O.S. 2001, § 1353[21-1353] makes it a misdemeanor for any person to remain upon property belonging to another if the owner of the property demands that the person leave.
¶ 7 Additionally, many municipalities have ordinances which prohibit trespass. For instance, the City of Tulsa has a municipal ordinance which provides in pertinent part:
 Trespassing is hereby declared to be an offense and shall be defined as follows:
 A. Each and every actual entry upon the premises of another person's real property, public or private, without the owner's or occupant's consent thereof, whether expressed or implied;
. . . .
 E. Remaining upon the premises of another, whether public or private, and refusing to leave the premises forthwith after demand by the owner or occupant[.]
Tulsa, Okla., Penal Code, Private Property ch. 21, § 2106 (Supp. 2000).
¶ 8 This ordinance was upheld in Jones v. City of Tulsa,857 P.2d 814 (Okla.Crim. 1993). In Jones, certain individuals were arrested and charged with the cited ordinance after positioning themselves so that the doors to an abortion clinic were blocked. The director of the clinic told those blocking the entrances to leave the premises but they refused. The police were called and thereafter arrested the protestors for violations of the cited ordinance. On appeal, the protestors' convictions were affirmed.Id. at 817.
 III. Definition Of "Premises"
¶ 9 You next ask whether the term "premises," used in 21 O.S. 2001, § 1835.1[21-1835.1], includes the common areas of a business such as parking lots, walkways and sitting areas. Title 21 does not define the term "premises." As previously discussed, words in a statute must be understood in their ordinary meaning, except when a contrary intention plainly appears or when otherwise defined by the Legislature. 25 O.S. 2001, § 1[25-1]. The ordinary definition of "premises" is:
 [P]roperty that is conveyed by bequest or deed b: a specified piece or tract of land with the structures on it . . . d: the place of business of an enterprise or institution. . . .
Webster's Third New International Dictionary 1789 (3d ed. 1993).
¶ 10 Therefore, if the parking lots, walkways or sitting areas are owned, leased or under the control of the business, they may be considered part of the premises for the purpose of 21 O.S. 2001, § 1835.1[21-1835.1]. Whether a particular location is owned, leased or under the control of a person is a question of fact outside the scope of an Attorney General Opinion. 74 O.S. 2001, 18b(A)(5).
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Title 21 O.S. 2001, § 1835.1makes it a crime for a person who has been convicted of a crime which occurred on "real property owned, leased, or under the control of" a business owner from entering any business premises of that business owner once the owner has notified the convicted person of the exclusion. Id. § 1835.1(A). This statute applies only to persons who have been convicted of a crime which occurred on "real property owned, leased, or under the control of" a business owner. Id.
 2. "[T]he `right to exclude,' [is] universally held to be a fundamental element of . . . property right[s]." Kaiser Aetna v. United States, 444 U.S. 164, 179-80, (1979). Therefore, a business owner may prohibit persons from entering or remaining on the owner's premises, provided the exclusion is not unlawfully discriminatory in nature. Unlawful discrimination includes the exclusion of a person because of race, color, religion, sex, national origin, age or handicap. See 25 O.S. 2001, § 1402[25-1402]; 42 U.S.C. § 1983 (1996).
 3. Title 21 O.S. 2001, § 1353[21-1353] provides that it is a misdemeanor for any person to remain upon property belonging to another if the owner of the property demands that the person leave.
 4. Certain municipal ordinances provide that it is a criminal trespass for a person to remain on another's premises after the owner demands that the person leave. See Tulsa, Okla., Penal Code, Private Property ch. 21, § 2106 (Supp. 2000).
 5. If parking lots, walkways or sitting areas are owned, leased or under the control of the business, they may be considered part of the "premises" for the purpose of 21 O.S. 2001, § 1835.1[21-1835.1]. Whether a particular location is owned, leased or under the control of a business is a question of fact outside the scope of an Attorney General Opinion. 74 O.S. 2001, 18b(A)(5).
W.A. DREW EDMONDSON Attorney General Of Oklahoma
GRETCHEN ZUMWALT — SMITH Assistant Attorney General
[1] City of Sunnyside v. Lopez, 751 P.2d 313, 318 n. 7 (Wash.Ct.App. 1988) (emphasis added) (citing Kaiser Aetna v. UnitedStates, 444 U.S. 164, 179-80 (1979)).
[2] Title 25 O.S. 2001, § 1402[25-1402] provides that "[i]t is a discriminatory practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a `place of public accommodation' because of race, color, religion, sex, national origin, age, or handicap." See also 42 U.S.C. § 1983 (1996) (Federal action for deprivation of civil rights.).