Grafton
No. 6875

STATE OF NEW HAMPSHIRE v. JOHN W. TIMBURY

STATE OF NEW HAMPSHIRE v. MAX WELCH

November 29, 1974

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,* attorney *(Mr. Smith* orally), for the State.

*David B. Shepatin,* by brief and orally, for the defendants.

GRIMES, J. The single issue in this case is whether the instructions to the jury regarding what constitutes a dwelling house were insufficient.

Defendant Welch was indicted for burning on June 28, 1972, a dwelling house owned by the defendant Timbury, and defendant Timbury was indicted for procuring the burning of the same premises, both in violation of RSA 584:1. A violation of RSA 584:1 relating to burning of dwelling houses carries a maximum penalty of thirty years. RSA 584:2 relating to the burning of any other building carries a maximum penalty of twenty years. Defendants were tried by jury before *Loughlin,* J., and found guilty under RSA 584:1. Defendant Welch was sentenced to not more than five years nor less than one year and a day in State prison, while defendant Timbury was sentenced to one year in the house of correction, three months suspended, and placed on probation for four years after his release. Defendants' exceptions were transferred by *Johnson,* J.

The court instructed the jury that a dwelling house is "a building that can be used for human habitation, capable of being used by people to live in. The state does not have to prove that humans or people were living within the building at the time of the fire. The state does have the burden of proving beyond a reasonable doubt that the building burned was a dwelling house." Although not excepting to the charge as given, defendants excepted to the failure to charge in accordance with their requests one and two. One

request would have instructed the jurors that if they found that the building had been abandoned as a dwelling or put to other use or was without a tenant or occupant for a long time, then it would not be a dwelling. The other called for an instruction that if it were found that the structure was incomplete even though designed as a dwelling and when complete could be so used, then it must be found not to be a dwelling.

The building in question was built in 1969 and intended as a summer cottage. The sidewalls were prefabricated and the roof timbers were precut. Inside, there was a "large kitchen-living room area" and four bedrooms, one of which had been used to house a chemical toilet. These rooms were partitioned off with sheetrock, but there were no ceilings. The living room had been three-quarters paneled. It was furnished and equipped with a gas floor furnace, gas stove and gas lights. There was no electricity, and water was obtained from a well but was not piped into the house. A gas tank had been installed and several deliveries of gas had been made, indicating a use of the appliances from 1968 until the fall of 1971. The last delivery was made in the fall of 1971. The gas tank was removed in February or March of 1972 because the supplier needed the tank and another tank could easily replace it when one was needed. The tank which was removed was empty. Although defendant Timbury testified that no one had ever slept in the house, his wife testified about washing sheets which were taken from the house.

At the time of the fire, there were one or two windows which were broken, but there was testimony that defendant Welch had been employed to repair them and that some friends of Timbury were going to occupy the cottage over the July Fourth weekend. The place had been on the market for sale for about two years because the Timburys were not using it much since their work schedules prevented them from having time off together.

We hold that on the evidence in this case, the charge was sufficient. Arson, like burglary, is an offense against the habitation and there can be no arson of a house in which there can be no burglary. *See* R. Perkins, Criminal Law § 2, at

223 (2d ed. 1969). RSA 583:7 relating to burglary in defining a dwelling house includes "cottages and camps used or occupied only a portion of the time". This building was built as a summer dwelling and had been completed to such an extent that it could be used as a dwelling. The fact that it had not been used extensively does not change its character. *People v. Losinger,* 331 Mich. 490, 50 N.W.2d 137 (1951). The evidence would not justify a finding that it had been put to other uses, had been abandoned, or had lost its character as a dwelling house. Nor could it be found to be incomplete in the sense that it was not yet suitable as a dwelling. It was not error, therefore, not to instruct in accordance with defendants' requests.

*Exceptions overruled.*

All concurred.