Laconia District Court
No. 2006-290

### THE STATE OF NEW HAMPSHIRE

v.

### SHAUN M. BROWN

Submitted: May 10, 2007
Opinion Issued: June 22, 2007

*Kelly A. Ayotte*, attorney general (*Susan P. McGinnis*, assistant attorney general, on the brief), for the State.

Shaun M. Brown, *pro se*, filed no brief.

HICKS, J. The State appeals the Laconia District Court's (*Huot*, J.) dismissal of its complaint against the defendant, Shaun M. Brown, for one

misdemeanor count of providing false information to secure a firearm in violation of RSA 159:11 (2002). We reverse and remand.

The record supports the following. On November 30, 2005, Brown attempted to purchase a nine millimeter handgun. He filled out the required Federal Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473, a federal gun purchase application form. Question 11.i. on the form inquires of the permit applicant: "Have you ever been convicted in any court of a misdemeanor crime of domestic violence?" Brown responded "no" to the question despite his previous conviction for violation of an abuse prevention order.

On December 21, 2005, the State charged Brown with a class A misdemeanor for giving false information to secure a firearm in violation of RSA 159:11. Brown attempted to plead guilty to the State's charge. However, the court rejected his plea, ruling that it lacked jurisdiction because RSA 159:11 only criminalizes conveying false information that is pertinent to the acquisition of a firearm under New Hampshire law. Because the case was dismissed for lack of jurisdiction, the trial court did not reach the issue whether Brown's conviction for violation of his abuse prevention order qualifies as a misdemeanor crime of domestic violence as defined in ATF Form 4473.

The sole question before us is whether RSA 159:11 criminalizes conveying false information in the purchase or acquisition of a pistol, revolver, or other firearm whether or not the false information pertains to New Hampshire gun acquisition laws.

Because the trial court engaged in statutory interpretation, a question of law, we review its ruling *de novo. See State v. Boulais*, 150 N.H. 216, 218 (2003). When construing a statute, we first examine its language, ascribing the plain and ordinary meaning to the words used by the legislature. *Id.* We consider words and phrases within the context of the statute as a whole, and in light of the policy or purpose advanced in the statutory scheme. *Id.* We "can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include." *Appeal of Astro Spectacular*, 138 N.H. 298, 300 (1994) (quotation omitted).

RSA 159:11 states that "[a]ny person who, in purchasing or otherwise securing delivery of a pistol, revolver, or other firearm, gives false information . . . shall be guilty of a misdemeanor for the first offense, and be guilty of a class B felony for any subsequent offense."

In RSA 159:11, the legislature used plain language to criminalize the provision of false information in obtaining a firearm. Contrary to the trial court's reading, the statute does not limit the type of false information that it criminalizes when conveyed in the acquisition of a firearm. We hold that

the plain language of RSA 159:11 criminalizes conveying false information, including information upon a federal form that is false based upon federal definitions of the form's terms.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.