Plymouth District Court
No. 2007-553

### THE STATE OF NEW HAMPSHIRE

v.

### SHANNON GALLAGHER

### THE STATE OF NEW HAMPSHIRE

v.

### TIMOTHY A. HUGHES

Submitted: April 10, 2008
Opinion Issued: June 27, 2008

*Kelly A. Ayotte*, attorney general (*Diana E. Fenton*, attorney, on the brief), for the State.

*Theodore Lothstein*, assistant appellate defender, of Concord, on the brief, for defendant Shannon Gallagher.

Defendant Timothy A. Hughes filed no brief.

DALIANIS, J. These consolidated cases are before the court on interlocutory transfer without ruling. *See* SUP. CT. R. 9. We accept the facts as presented in the interlocutory transfer. *See McDonald v. Town of Effingham Zoning Bd. of Adjustment*, 152 N.H. 171, 172 (2005). The defendants, Shannon Gallagher and Timothy A. Hughes, both pled guilty, pursuant to negotiated pleas, to their second offense of driving while under the influence (DWI). *See* RSA 265-A:2 (Supp. 2007). Driving records which showed that Gallagher had previously been convicted pursuant to RSA 265:82 (2004) (repealed 2007), and Hughes pursuant to RSA 265:82-a (2004) (repealed 2007), were the bases for the trial court's finding that each was guilty of a second offense. Both filed motions to vacate their sentences, arguing that the sentences were illegal. They argued that RSA 265-A:18, IV (Supp. 2007) (amended 2008) (sentencing statute), as it existed at the time of their sentencing, did not allow prior convictions pursuant to RSA 265:82 or RSA 265:82-a to serve as a basis for enhanced penalties for a subsequent offense.

Pursuant to Supreme Court Rule 9, the Trial Court (*Rappa*, J.) transferred a single question, asking us to determine whether an individual convicted of DWI pursuant to RSA 265:82 may be subject to enhanced penalties under RSA 265-A:18, IV for a subsequent DWI offense.

▮ Because the trial court did not ask us to consider the same question for RSA 265:82-a, the statute under which Hughes had previously been convicted, and because neither defendant has briefed this issue, we confine our analysis to RSA 265:82. We conclude that convictions under RSA 265:82 serve as a basis for enhanced penalties under the sentencing statute.

▮▮ In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *State v. Morabito*, 153 N.H. 302, 304 (2006). We first

examine the language of the statute, and, where possible, we apply the plain and ordinary meanings to the words used. *Id.* "We do not presume that the legislature would pass an act leading to an absurd result, however, and we will consider other indicia of legislative intent where the literal reading of a statutory term would compel an absurd result." *State v. Warren*, 147 N.H. 567, 568 (2002) (citation omitted). The interpretation of a statute is a question of law which we review *de novo. State v. Brown*, 155 N.H. 590, 591 (2007).

The sentencing statute provides in pertinent part:

> Upon conviction of any offense under RSA 265-A:2, I or RSA 265-A:3, based on a complaint which alleged that the person has had one or more prior convictions under RSA 265-A:2, I or RSA 265-A:3, or RSA 630:3, II, or under reasonably equivalent offenses in an out-of-state jurisdiction, within 10 years preceding the date of the second or subsequent offense, the person shall be subject to the following penalties . . . .

RSA 265-A:18, IV.

■ Gallagher argues that the plain language of this statute prohibits the use of prior convictions under RSA 265:82 to enhance the penalties for a subsequent offense because that provision is not expressly referenced in the sentencing statute as a basis for enhanced penalties. Gallagher further argues that we must not examine legislative history in this case because the statutory language is plain and unambiguous. While we agree with Gallagher that the statutory language is plain and unambiguous, we conclude that a plain reading of the sentencing statute would lead to an absurd result.

Under a literal reading of the statute, defendants with prior convictions under RSA 265:82, which prohibits the same conduct as does RSA 265-A:2, would be subject to different penalties than those with prior convictions under RSA 265-A:2. *Compare* RSA 265:82 *with* RSA 265-A:2. To apply the statute in this way would lead to disproportionate results among people who have committed the same offenses.

Gallagher offers no plausible explanation why the legislature would create such a distinction. He argues only that "it would not be unreasonable for a legislature to repeal a set of laws, replace them with a new law, and begin on a clean slate by excluding from consideration matters that arose under the old statute."

Gallagher does not explain how creating a clean slate for DWI offenders would serve any purpose, nor can we conceive of one. The current DWI laws prohibit the same acts as did the prior laws. There is no apparent reason to

create a clean slate for persons convicted under a prior New Hampshire law where the sentencing statute applies to persons convicted in another jurisdiction under a statute "reasonably equivalent" to RSA 265-A:2. RSA 265-A:18, IV. It makes no sense that the legislature would punish defendants with prior DWI convictions in other states more severely than those convicted under a similar law in this state.

■ Because a literal reading of the sentencing statute would lead to an absurd result, we consult other indicia of legislative intent, such as legislative history. *See Warren*, 147 N.H. at 568. The purpose of repealing the prior DWI laws was to consolidate them, not to substantively alter the crimes or penalties. The new chapter, RSA chapter 265-A, was introduced as House Bill (HB) 298, entitled "relative to consolidating statutes relating to driving while intoxicated." N.H.H.R. JOUR. 41 (2005). The law became effective on January 1, 2007, and consolidated most, if not all, of the DWI laws. *See* Laws 2006, ch. 260. It also repealed the previous DWI statutes. *See* Laws 2006, 260:37.

It is evident from the legislative history that the purpose of the re-codification was to consolidate the old laws and not to change them. At a Senate Committee Hearing on April 25, 2006, Representative Tholl introduced the bill as follows:

> HB 298 has been a long time getting here. It was originally filed almost two years ago and it is strictly a compilation of statutes that are in existence today.
>
> . . . .
>
> There is nothing in this bill that changes any current legislation. The wording on the legislation should be identical to that that is currently in effect. This is merely a consolidation of all the DWI statutes, putting them in one place, which makes it easier for the police, the public and attorneys to find them.

TRANSCRIPT OF SENATE COMMITTEE ON JUDICIARY, available at N.H. Supreme Court, App. to State's Brief at A-1, A-2, Doc. No. 2007-0553.

■ This history reveals that the legislature did not intend to change what would constitute a DWI violation or penalty; rather, it intended to consolidate the former DWI laws in order to make them more easily accessible. The current laws are virtually identical to the prior ones. Further, under the old DWI statutes, persons convicted of subsequent DWI offenses were subject to enhanced penalties. *See* RSA 265:82-b, II (2004) (repealed 2006). This history suggests that the legislature did not intend that persons convicted of subsequent DWI offenses under the prior law would escape enhanced penalties under the new law.

Similarly, subsequent history, though not controlling, *see Franklin v. Town of Newport*, 151 N.H. 508, 512 (2004), suggests that the legislature did not intend to create a "clean slate" for subsequent offenders. HB 1130, now Laws 2008, ch. 62 (effective July 20, 2008), will amend the sentencing statute to "restate[] the legislative intent that offenses committed under the prior DWI and associated statutes continue to be offenses under the newly codified statute." N.H.H.R. JOUR. 1180 (2008). To demonstrate legislative intent, the amendment alters the sentencing statute to include convictions under RSA 265:82 as a basis for enhanced penalties. *See* Laws 2008, ch. 62. The amendment also alters other provisions to include references to RSA 265:82. *Id.* Both the original and subsequent legislative histories reveal that, in enacting RSA chapter 265-A, the legislature did not intend to eliminate enhanced penalties for persons with prior DWI convictions.

We engaged in a similar analysis in *State v. Callahan*, 126 N.H. 161 (1985), in which the defendants challenged sentences that were enhanced because of prior DWI convictions, even though the applicable sentencing statute did not include the prior laws as a basis for enhanced penalties. *Callahan*, 126 N.H. at 164-65. Like Gallagher, the defendants in *Callahan* argued that the plain language of the sentencing statute demonstrated the legislature's intent to shield persons with prior convictions from enhanced penalties. *Id.*

We rejected the defendants' argument, holding that their interpretation of the sentencing statute would lead to an absurd result. *Id.* at 165. With respect to one of the defendants, for instance, we reasoned "the conduct for which [he] was convicted is the same as that prohibited in the present drunk driving statute" and "[t]o excuse [him] from punishment . . . merely because the particular DWI statute under which he was convicted is not specifically named in [the sentencing statute] would be elevating form over substance." *Id.* at 165. Here, as in *Callahan*, a plain reading of the sentencing statute would elevate form over substance.

To the extent that Gallagher argues that we should overrule *Callahan* because it is merely a remnant of abandoned doctrine, *see State v. Holmes*, 154 N.H. 723, 724-25 (2007), we disagree. We, therefore, decline Gallagher's invitation to overrule it.

*Remanded.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.