Strafford
No. 2008-664

THE STATE OF NEW HAMPSHIRE

v.

RONALD MCKEOWN

Argued: April 16, 2009
Opinion Issued: December 4, 2009

*Kelly A. Ayotte*, attorney general (*Ann M. Rice*, associate attorney general, on the brief and orally), for the State.

*Stephanie Hausman*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

DALIANIS, J. The State appeals an order of the Superior Court (*Fauver*, J.) granting the motion of the defendant, Ronald McKeown, to dismiss two indictments against him for felony failure to report as a sexual offender. *See* RSA 651-B:4 (2007), :5 (Supp. 2008) (amended 2007). We affirm.

The record evidences the following facts. On April 15, 1997, the defendant pled guilty to two counts of misdemeanor sexual assault. *See* RSA 632-A:4 (1996) (currently codified as RSA 632-A:4, I(a) (Supp. 2008)). Both indictments alleged that, on February 20, 1996, when he was sixteen years old, the defendant purposely engaged in sexual contact with the fifteen-year-old victim. Pursuant to RSA 651-B:6, II (1998), the defendant was required to register as a sexual offender for ten years. During the course of this registration period, however, RSA 651-B:6, III (Supp. 2004) (amended 2005, 2006, 2008) was amended to require lifetime registration by certain sexual offenders. *See* Laws 1999, 177:5.

In 2007, the defendant was charged with two counts of failing to report as a sexual offender. *See* RSA 651-B:4, :5. At that time, RSA 651-B:6, III mandated lifetime registration for any sexual offender who was required to register "as a result of a violation of more than one offense listed in RSA 651-B:1, III or RSA 651-B:1, V." RSA 651-B:6, III (2007) (amended 2008). The defendant moved to dismiss the indictments on the ground that the lifetime registration requirement did not apply to him because his misdemeanor sexual assault convictions arose from a single criminal episode. He contended that because he was required to register for only ten years, and because this period had already expired, the indictments failed to allege a crime and had to be dismissed. The trial court agreed, and this appeal followed.

On appeal, the parties dispute whether the defendant was required to register as a sexual offender for life, or only for ten years. Resolving this dispute requires that we interpret pertinent Criminal Code provisions. The interpretation of a statute is a question of law, which we decide *de novo*. *State v. Brown*, 155 N.H. 590, 591 (2007). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *State v. Gallagher*, 157 N.H. 421, 422 (2008). We construe the Criminal Code "according to the fair import of [its] terms and to promote justice." RSA 625:3 (2007). In doing so, we must first look to the plain language of the statute to determine legislative intent. *State v. Formella*, 158 N.H. 114, 116 (2008). Absent an ambiguity we will not look beyond the language of the statute to discern legislative intent. *Id.* Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme. *State v. Lamy*, 158 N.H. 511, 515

(2009). Accordingly, we interpret a statute in the context of the overall statutory scheme and not in isolation. *Id.*

RSA 651-B:1, III(a) (2007) defines a sexual offender as "a person who is required to register as a result of any violation or attempted violation of" certain enumerated crimes. Misdemeanor sexual assault is one such crime. *See* RSA 651-B:1, III(a); RSA 632-A:4, I(a). A person is "required to register" if he "was charged with an [enumerated] offense . . . that resulted in . . . conviction." RSA 651-B:1, VII(a) (2007). Pursuant to RSA 651-B:6, III, "any sexual offender . . . who is required to register as a result of a violation of more than one offense listed in RSA 651-B:1, III . . . shall be registered for life."

The State argues that by its plain language, RSA 651-B:6, III applies to the defendant because he was twice convicted of misdemeanor sexual assault. As misdemeanor sexual assault is an enumerated offense, *see* RSA 651-B:1, III, the State contends that the defendant violated "more than one" qualifying offense and, thus, must register for life. The defendant counters that the phrase "as a result of a violation of more than one offense" is ambiguous when applied to him because his convictions arose from a single criminal episode. He contends that we must, therefore, consult legislative history, which evinces legislative intent that the lifetime registration requirement does not apply to such offenders.

RSA 651-B:12 (2007) resolves this issue. RSA 651-B:12 provides: "Whenever possible, the provisions of this chapter shall be interpreted and applied consistent with the provisions of the federal Jacob Wetterling Act, as amended." Passed in 1994, the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act (Act) "conditions certain Federal law enforcement funding on the States' adoption of sex offender registration laws and sets minimum standards for State programs." *Smith v. Doe*, 538 U.S. 84, 89-90 (2003).

Pursuant to the Act, as amended by the Pam Lychner Sexual Offender Tracking and Identification Act of 1996, a person who is convicted of a criminal offense against a victim who is a minor is required to register for life if that person "has 1 or more prior convictions for [a qualifying] offense." 42 U.S.C. § 14071(b)(6)(B)(i) (2006). Guidelines issued by the United States Department of Justice regarding the Act's interpretation and application for state registration programs explain:

> Subsection (b)(6)(B)(i) requires lifetime registration for certain *recidivists*. States can comply with this provision by requiring offenders to register for life where the following conditions are satisfied: (1) the current offense is one for which registration is required by the Act . . . , and (2) the offender has a *prior* conviction

for an offense for which registration is required by the Act. There is no time limit under the Act on qualifying *prior* convictions. In determining whether a person has a qualifying *prior* conviction, states may rely on the methods they normally use in searching criminal records.

Megan's Law; Final Guidelines for the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, as Amended, 64 Fed. Reg. 572, 582 (January 5, 1999) (emphasis added). Under these federal guidelines, the lifetime registration requirement applies to individuals who have at least one *prior* qualifying conviction in addition to the current qualifying offense.

█ Interpreting RSA 651-B:6, III "consistent with the provisions of the federal Jacob Wetterling Act, as amended," RSA 651-B:12, we conclude that the phrase "more than one offense" is not intended to apply to two misdemeanor sexual assault convictions arising from a single criminal episode. *Cf. State v. Gordon*, 148 N.H. 710, 714-15 (2003) (concluding that the phrase "previously convicted of 2 or more offenses" was not intended to apply to a defendant who sexually assaulted two victims in one simultaneous criminal episode).

█ We observe as well that the State's interpretation could lead to unjust results, giving prosecutors nearly unfettered discretion to impose the lifetime registration requirement by charging a defendant with multiple offenses for multiple touches of the same victim in a single criminal episode. *See State v. Rayes*, 142 N.H. 496, 500 (1997) (State has broad discretion when charging a defendant with multiple offenses arising out of a single event). "It has long been settled here that our court will not interpret a statute so as to produce an injust . . . result." *State v. Roger M.*, 121 N.H. 19, 21-22 (1981) (quotation omitted); *see State v. Gubitosi*, 157 N.H. 720, 724 (2008) (explaining, we construe all parts of a statute together to effectuate its purpose and avoid an unjust result); RSA 625:3 (Criminal Code construed to promote justice).

█ Taking all of the above into consideration, we conclude that the lifetime registration requirement does not apply when, as here, the defendant has two misdemeanor sexual assault convictions arising from the same criminal episode. We hold, therefore, that the trial court did not err when it granted the defendant's motion to dismiss the indictments against

him. Of course, if the legislature did not intend this interpretation, it is free to amend the language of the statute as it sees fit. *See State v. Pratte*, 158 N.H. 45, 49 (2008).

*Affirmed.*

BRODERICK, C.J., and HICKS and CONBOY, JJ., concurred; DUGGAN, J., dissented.

DUGGAN, J, dissenting. Because I would conclude that the plain language of RSA 651-B:6, III subjects the defendant to lifetime registration as a sexual offender, I would reverse the order of the superior court.

We review the trial court's statutory interpretation *de novo. State v. Brown*, 155 N.H. 590, 591 (2007). "When construing the meaning of a statute, we first examine the language found in the statute and where possible, we ascribe the plain and ordinary meanings to words used." *State v. Cobb*, 143 N.H. 638, 643 (1999) (quotation omitted). "When a statute's language is plain and unambiguous, we need not look beyond [it] for further indications of legislative intent." *State v. Comeau*, 142 N.H. 84, 86 (1997) (quotation omitted). "Courts can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include." *Appeal of Astro Spectacular*, 138 N.H. 298, 300 (1994) (quotation omitted).

RSA 651-B:1, III (2007) defines a sexual offender as "a person who is required to register as a result of *any* violation or attempted violation of" specified statutory offenses, including sexual assault. (Emphasis added.) A person is "required to register" if he "was charged with an offense . . . listed in this chapter that resulted in . . . conviction." RSA 651-B:1, VII(a). Pursuant to RSA 651-B:6, III, "any sexual offender . . . who is required to register as a result of a violation of more than one offense listed in RSA 651-B:1, III . . . shall be registered for life."

The State argues that by its plain language, RSA 651-B:6, III applies to the defendant because each violation of RSA 632-A:4 gives rise to an obligation to register as a sexual offender. The defendant argues that the trial court correctly ruled that the language and history of the statute evince a legislative intent that two or more convictions arising out of a single criminal episode do not trigger the lifetime registration requirement.

Specifically, the defendant argues that the use of the word "offense" demonstrates the legislature's intent that the law apply to repeat offenders, citing *Petition of State of New Hampshire*, 152 N.H. 185 (2005), and *State v. Gordon*, 148 N.H. 710 (2002). In *Petition*, we considered whether the phrase "previously convicted of 2 or more offenses" in RSA 632-A:10-a, III required the imposition of a mandatory life sentence where the defendant received three convictions in the same adjudication. *Petition*, 152 N.H. at

188. We held it did not. *Id.* at 191. Similarly, in *Gordon*, we held that "previously convicted of two or more offenses" required that prior convictions stem from separate criminal episodes. *Gordon*, 148 N.H. at 716.

Neither of those analyses applies here. Unlike the statute in *Petition*, RSA 651-B:6, III does not contain any language comparable to "previously convicted" that would require the qualifying offenses to be sequential or separated in time. The language also does not suggest that the offenses must arise from different criminal episodes like the statute in *Gordon*. The phrase "more than one offense" does not imply the need for the violations to occur sequentially as the word "previously" did in those cases. I agree with the State that, as used in RSA 651-B:1, III, "offense" refers to the list of specific crimes in the statute and that a "violation" or conviction of more than one of these specific crimes triggers the lifetime registration requirement.

RSA 651-B:12 (2007) does not change this result. It provides: "Whenever possible, the provisions of this chapter shall be interpreted and applied consistent with the provisions of the federal Jacob Wetterling Act, as amended." Under the Act, as amended, lifetime registration is required if the person "has 1 or more prior convictions for [a qualifying] offense." 42 U.S.C. § 14071(b)(6)(B)(i) (2006). By its reference to "prior convictions," the federal act is similar to the "previously convicted" language in the statutes we interpreted in both *Gordon* and *Petition* where we held that the qualifying offenses must be in sequence.

RSA 651-B:12 requires us to interpret RSA chapter 651-B, Registration of Sexual Offenders, consistently with the federal act only "[w]henever possible." Here, because the legislature has chosen to use language markedly different from that in *Gordon, Petition* and the federal statute, it is not possible to interpret RSA 651-B:6, III to require that one conviction temporally precede another without adding words to the statute, which we are not permitted to do.

Accordingly, I respectfully dissent.