Hillsborough-northern judicial district
No. 2008-558

THE STATE OF NEW HAMPSHIRE

v.

NADIR MOHAMED

Argued: September 23, 2009
Opinion Issued: December 31, 2009

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Martin K. Glennon*, of Manchester, by brief and orally, for the defendant.

DALIANIS, J. The defendant, Nadir Mohamed, appeals the enhanced sentence imposed by the Superior Court (*O'Neill*, J.) following his conviction by a jury for felony receipt of stolen property. *See* RSA 637:7, :11, I(b) (2007); RSA 651:2, II-g (2007). We vacate the sentence and remand.

The defendant was charged with felony receipt of stolen property for allegedly receiving a stolen handgun. *See* RSA 637:7, :11, I(b). After he was convicted by a jury, the trial court sentenced him to prison for no less than three and no more than six years, citing RSA 651:2, II-g, which imposes a mandatory minimum sentence of three years "[i]f a person is convicted of a felony, an element of which is the possession . . . of a deadly weapon, and the deadly weapon is a firearm." This appeal followed.

The sole issue for our review is whether the trial court erred when it imposed the mandatory minimum three-year sentence pursuant to RSA 651:2, II-g. Resolving this issue requires that we engage in statutory interpretation. The interpretation of a statute is a question of law, which we review *de novo. State v. Brown*, 155 N.H. 590, 591 (2007). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *State v. Gallagher*, 157 N.H. 421, 422 (2008). When the language of a statute is clear on its face, its meaning is not subject to modification. *State v. Crie*, 154 N.H. 403, 407 (2006).

█ RSA 651:2, II-g provides:

> If a person is convicted of a felony, an element of which is the possession, use or attempted use of a deadly weapon, and the deadly weapon is a firearm, such person may be sentenced to a maximum term of 20 years' imprisonment in lieu of any other sentence prescribed for the crime. The person shall be given a minimum mandatory sentence of not less than 3 years' imprisonment for a first offense and a minimum mandatory sentence of not less than 6 years' imprisonment if such person has been previously convicted of any state or federal offense for which the maximum penalty provided was imprisonment in excess of one year, and an element of which was the possession, use or attempted use of a firearm. Neither the whole nor any part of the minimum sentence imposed under this paragraph shall be suspended or reduced.

"RSA 651:2, II-g is clear and unambiguous." *Id.* It contains two separate mandatory minimum sentencing provisions. *Id.* The first provision, which is at issue in this case, provides that a person "convicted of a felony, an element of which is the possession . . . of a deadly weapon, and the deadly weapon is a firearm, . . . shall be given a minimum mandatory sentence of not less than 3 years' imprisonment for a first offense." RSA 651:2, II-g.

██ The plain language of RSA 651:2, II-g requires a three-year minimum sentence if three conditions are met: (1) the defendant is convicted of a felony; (2) one of the elements of the crime is possession, use or attempted use of a deadly weapon; and (3) the deadly weapon is a firearm. *Crie*, 154 N.H. at 408. All of these conditions were not met in this case. While the defendant was convicted of a felony, one of the elements of the offense for which he was convicted was not the possession, use or attempted use of a deadly weapon.

██ The defendant was found guilty of receiving stolen property. Receipt of stolen property is a class A felony if the property stolen is a firearm. RSA 637:11, I(b). To convict the defendant of this offense, the jury had to find, beyond a reasonable doubt, that: (1) he received . . . the property of another knowing that it had been stolen, or believing that it had probably been stolen, with a purpose to deprive the owner thereof; and (2) the property stolen was a firearm. *See* RSA 637:7, I; :11, I(b). A firearm, however, is *not* a deadly weapon *per se*. A firearm is a deadly weapon only if, in the manner it is used, intended to be used, or threatened to be used, it is known to be capable of producing death or serious bodily injury. RSA 625:11, V (2007); *State v. Kousounadis*, 159 N.H. 413 (2009). Whether a

firearm constitutes a deadly weapon is a question of fact for the jury based upon the totality of the circumstances. *Kousounadis*, 159 N.H. at 425.

Because one of the elements of the offense for which the defendant was convicted was not the possession, use or attempted use of a deadly weapon, the trial court erred by imposing the mandatory minimum sentence of three years pursuant to RSA 651:2, II-g.

*Sentence vacated and remanded.*

BRODERICK, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.