Strafford
No. 2011-307

# THE STATE OF NEW HAMPSHIRE

v.

# JONATHAN CHAREST

Argued: September 12, 2012
Opinion Issued: October 16, 2012

*Michael A. Delaney*, attorney general (*Elizabeth C. Woodcock*, assistant attorney general, on the brief and orally), for the State.

*Pamela E. Phelan*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

LYNN, J. The defendant, Jonathan Charest, appeals the sentence imposed by the Superior Court (*Brown*, J.) pursuant to RSA 651:2, II-g (2007) (amended 2011) following his conviction by a jury for being a felon in possession of a firearm. *See* RSA 159:3, I (2002). We vacate and remand.

The record establishes the following facts. The defendant was convicted of being a felon in possession of a firearm, contrary to RSA 159:3, which states:

I. A person is guilty of a class B felony if he:

(a) Owns or has in his possession or under his control, a pistol, revolver, or other firearm, or slungshot, metallic knuckles, billies, stiletto, switchblade knife, sword cane, pistol cane, blackjack, dagger, dirk-knife, or other deadly weapon as defined in RSA 625:11, V; and

(b) Has been convicted in either a state or federal court in this or any other state . . . of:

(1) A felony against the person or property of another . . . .

A deadly weapon is "any firearm, knife or other substance or thing which, in the manner it is used, intended to be used, or threatened to be used, is known to be capable of producing death or serious bodily injury." RSA 625:11, V (2007).

After the jury returned a verdict of guilty on the felon-in-possession charge, the trial court asked the jury to issue a special verdict on whether it unanimously found that the defendant possessed, rather than controlled or owned, a firearm. The jury answered "yes." The trial court sentenced the defendant to three to six years' imprisonment. The court imposed the mandatory minimum sentence of three years under RSA 651:2, II-g, which

applies "[i]f a person is convicted of a felony, an element of which is the possession . . . of a deadly weapon, and the deadly weapon is a firearm." At sentencing, the trial judge explained to the defendant, "You were just sentenced to the minimum. . . . I don't have any discretion . . . to do anything other than to sentence you . . . to . . . those terms."

The defendant does not appeal his conviction, but argues that the trial court erred when it imposed the minimum mandatory sentence under RSA 651:2, II-g because: (1) the offense he was charged with, RSA 159:3, I, does not have as an element the possession of a firearm in a manner that rendered it a deadly weapon under RSA 625:11, V; and (2) the jury did not find that he possessed a deadly weapon within the meaning of RSA 625:11, V. Because the defendant did not make these arguments before the trial court, he invokes the plain error rule, which allows us, under certain narrowly drawn circumstances, to correct errors not raised before the trial court. *See* SUP. CT. R. 16-A.

██ For us to find plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights. *State v. Panarello*, 157 N.H. 204, 207 (2008) (quotation and brackets omitted). If all three of these conditions are met, we may then exercise our discretion to correct a forfeited error only if the error meets a fourth criterion: the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* The rule is used sparingly, however, and is limited to those circumstances in which a miscarriage of justice would otherwise result. *Id.* We find that all four criteria are met in this case.

██ We first address whether the trial court erred when it sentenced the defendant under RSA 651:2, II-g, which provides:

> If a person is convicted of a felony, *an element of which is the possession, use or attempted use of a deadly weapon, and the deadly weapon is a firearm,* such person may be sentenced to a maximum term of 20 years' imprisonment in lieu of any other sentence prescribed for the crime. The person shall be given a minimum mandatory sentence of not less than 3 years' imprisonment for the first offense . . . . Neither the whole nor any part of the minimum sentence imposed under this paragraph shall be suspended or reduced.

The language of RSA 651:2, II-g is clear and unambiguous. *State v. Mohamed*, 159 N.H. 559, 561 (2009); *State v. Crie*, 154 N.H. 403, 408 (2006). "The plain language of RSA 651:2, II-g requires a three-year minimum sentence if three conditions are met: (1) the defendant is convicted of a

felony; (2) one of the elements of the crime is possession, use or attempted use of a deadly weapon; and (3) the deadly weapon is a firearm." *Mohamed*, 159 N.H. at 561.

■ The defendant was indicted for and convicted of being a felon and owning, possessing, or having a firearm under his control. As the special verdict form demonstrates, the jury found that he possessed a firearm. "To convict the defendant of being a felon in possession of a weapon [under RSA 159:3, I (a)], the State must prove beyond a reasonable doubt that: (1) the defendant was a convicted felon; and (2) that he knowingly either owned, had in his possession, or had under his control the weapons detailed in the indictments." *State v. Hammell*, 147 N.H. 313, 319 (2001). The elements of a conviction for being a felon in possession of a firearm do not include a showing that the firearm was a deadly weapon.

The State argues that firearms and other items which are specifically enumerated in RSA 159:3, I(a) are deadly weapons *per se*[*] and that, consequently, no additional showing under RSA 625:11, V was necessary to impose the mandatory minimum sentence under RSA 651:2, II-g. We disagree.

■ We have previously declined to equate a firearm with a deadly weapon, including for the purposes of RSA 651:2, II-g. "A firearm . . . is *not* a deadly weapon *per se.*" *Mohamed*, 159 N.H. at 561; *see State v. Kousounadis*, 159 N.H. 413, 427 (2009) ("Whether the specific *manner* in which the defendant used the shotgun and the circumstances surrounding that use rendered the shotgun a deadly weapon is a factual issue within the exclusive province of the jury."). *Mohamed* is directly on point. In that case, we concluded that the trial court improperly sentenced the defendant under RSA 651:2, II-g because the elements of the felony for which he was convicted, receiving a stolen handgun, did not include the possession, use, or attempted use of a deadly weapon. *Mohamed*, 159 N.H. at 562. By contrast, in *State v. Bird*, 161 N.H. 31, 37 (2010), we found that the trial court properly sentenced the defendant under RSA 651:2, II-g where the underlying felony of which he was convicted, felony criminal threatening, included the use of a deadly weapon and the jury found that the defendant used the firearm as a deadly weapon.

---

[*] Under the State's construction of the statute, only items aside from those specifically listed in RSA 159:3, I(a) would have to satisfy the terms of RSA 625:11, V in order to be considered an "other deadly weapon" captured by the last clause of the statute. While we disagree with the State that the items specifically listed in RSA 159:3, I(a) are *per se* deadly weapons for purposes of RSA 625:11, V or 651:2, II-g, we do note that the specifically listed items, including firearms, are subject to the prohibitions of RSA 159:3 regardless of whether they constitute deadly weapons.

The State argues that, based on *Crie*, RSA 651:2, II-g applies simply because the defendant was convicted of being a felon and possessing a firearm. *Crie*, 154 N.H. at 408-09 ("Where, as here, the indictment specifically alleged that the defendant had firearms in his possession, the offense as alleged under RSA 159:3 is within the scope of RSA 651:2, II-g."). In *Crie*, however, we did not have occasion to address the question of whether a firearm is *per se* a deadly weapon. In our subsequent decisions in *Kousounadis* and *Mohamed* we did address this question and clearly held that a firearm is not a deadly weapon *per se*. Furthermore, in *Mohamed*, we specifically held that a firearm is not a deadly weapon *per se* for the purposes of RSA 651:2, II-g.

■ Having concluded that the trial court erred, we next determine whether the error was plain. "For the purposes of the plain error rule, an error is plain if it was or should have been obvious in the sense that the governing law was clearly settled to the contrary." *Panarello*, 157 N.H. at 209 (quotation omitted). In *Mohamed*, we settled the question of whether a defendant may be sentenced under RSA 651:2, II-g when the felony offense of conviction, though it may involve a firearm, does not include as an element the possession, use, or attempted use of the firearm as a deadly weapon. *Mohamed*, 159 N.H. at 562 ("Because one of the elements of the offense for which the defendant was convicted was not the possession, use or attempted use of a deadly weapon, the trial court erred by imposing the mandatory minimum sentence of three years pursuant to RSA 651:2, II-g."). We therefore conclude that the error was plain.

■ To meet the third prong of the plain error test, the error must affect substantial rights. *State v. Taylor*, 152 N.H. 719, 720 (2005). Generally, to satisfy the burden of demonstrating that an error affected substantial rights, the defendant must demonstrate that the error was prejudicial, *i.e.*, that it affected the outcome of the proceeding. *State v. Lopez*, 156 N.H. 416, 425 (2007). We find that the error affected the outcome of the proceeding because the transcript of the sentencing hearing makes plain that the trial court erroneously believed it had no discretion to impose a sentence below the minimum mandatory. Therefore, even though the sentence imposed did not exceed the maximum available for the RSA 159:3 offense, a class B felony, the defendant's rights were substantially affected because the trial court did not consider imposing a lesser sentence.

■ Having found that the trial court committed error, that the error was plain, and that it affected the defendant's substantial rights, we may exercise our discretion to reverse if the error also seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Panarello*,

157 N.H. at 207. "Trial judges are vested with broad discretionary powers with regard to sentencing." *State v. Van Winkle*, 160 N.H. 337, 340 (2010) (citation omitted). Here, the trial court mistakenly imposed a mandatory minimum sentence which was six months lower than the maximum of three-and-a-half to seven years applicable to class B felonies, RSA 651:2, II(d) (2007), under circumstances where it might have concluded that a lesser sentence would have been appropriate. Because the trial court erroneously failed to exercise the discretion afforded to it at sentencing, we find that the error affected the integrity and fairness of the judicial proceedings.

We deem waived the remaining questions that the defendant raised in his notice of appeal but did not brief. *State v. Kelley*, 159 N.H. 449, 455 (2009).

*Sentence vacated; remanded for resentencing.*

DALIANIS, C.J., and HICKS, CONBOY and BASSETT, JJ., concurred.