**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0301, <u>State of New Hampshire v. Oscar Quinta</u>, the court on March 13, 2015, issued the following order:**

Having considered the briefs and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Oscar Quinta, appeals his 2013 conviction by a jury on one count of indecent exposure and lewdness, a class B felony because he was previously convicted of indecent exposure and lewdness in 1997. <u>See</u> RSA 645:1 (Supp. 2014). He argues that the Superior Court (<u>Garfunkel</u>, J.) erred by denying his motion to dismiss the indictment against him. We affirm.

Prior to trial, the defendant moved to dismiss the indictment, arguing that the penalty enhancement provision in RSA 645:1, II(c) is ambiguous because it could be construed as applying to prior convictions that predated the 1999 and 2008 amendments to the statute, or as applying only to prior convictions that postdate the amendment. RSA 645:1, II(c) provides: "A person is guilty of a class B felony" under the indecent exposure and lewdness statute, if, "[h]aving previously been convicted of an offense under paragraph I, or of an offense that includes the same conduct under any other jurisdiction, the person subsequently commits an offense under paragraph I." <u>See</u> RSA 645:1, I ("A person is guilty of a misdemeanor if such person fornicates, exposes his or her genitals, or performs any other act of gross lewdness under circumstances which he or she should know will likely cause affront or alarm."). Following a hearing, the trial court denied the defendant's motion. The court found the statutory language to be clear and unambiguous because "the only limitation on the timing of the previous conviction is that it must have occurred before the second offense."

On appeal, the defendant argues that the trial court erred by failing to consider both the legislative history of RSA 645:1 and the rule of lenity. The interpretation of a statute is a question of law, which we review <u>de novo</u>. <u>State v. Gallagher</u>, 157 N.H. 421, 423 (2008). In matters of statutory interpretation, we are the final arbiters of the intent of the legislature as expressed in the words of a statute considered as a whole. <u>Id</u>. at 422. We first examine the language of the statute, and, where possible, we apply the plain and ordinary meanings to the words used. <u>Id</u>. at 422-23. "Unless we find statutory language to be ambiguous, we will not examine legislative history." <u>Prolerized New England Co. v. City of Manchester</u>, 166 N.H. 617, 622 (2014) (quotation

omitted).  Moreover, where the statute on its face involves no ambiguity, the rule of lenity is irrelevant.  See State v. Bailey, 127 N.H. 811, 814 (1986).

Here, we agree with the trial court and the State that RSA 645:1, II(c), on its face, clearly provides that "[h]aving previously been convicted" means any prior conviction, i.e., any conviction that occurred before the second offense, whether it occurred before or after the statute's amendments.  See Webster's Third New International Dictionary 1798 (unabridged ed. 2002) (defining "previously," in relevant part, as "BEFOREHAND, HITHERTO, ANTECEDENTLY" and defining "previous," in relevant part, as "going or existing before in time" or "preceding in spatial order").  Had the legislature intended to limit the application of the provision to only previous convictions that occurred after the amendments, it could have done so.  We will not read a limitation into the statute that the legislature did not see fit to include.  See Rainville v. Lakes Region Water Co., 163 N.H. 271, 276 (2012).  Because the statute is clear on its face, we need not look to the legislative history or consider the rule of lenity.  See State v. Brooks, 164 N.H. 272, 291-92 (2012).

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**

2