NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2014-0378

THE STATE OF NEW HAMPSHIRE

v.

SHAWN GILLEY

Argued: May 7, 2015
Opinion Issued: September 22, 2015

Joseph A. Foster, attorney general (Stacey R. Kaelin, assistant attorney general, on the brief and orally), for the State.

Sarah E. Newhall, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

BASSETT, J. The defendant, Shawn Gilley, was convicted on one count of class A felony burglary. See RSA 635:1 (2007) (amended 2014). The burglary statute elevates the offense from a class B to a class A felony when it is "perpetrated in the dwelling of another at night." RSA 635:1, II. Before trial, the defendant filed a motion to dismiss the class A felony indictment, arguing that the house he had burglarized was not the dwelling of another and, therefore, did not trigger the felony enhancement under that statute. See id. He contended that the house had ceased to be the "dwelling of another" because its resident had moved out and listed the house for sale. The Superior Court (Delker, J.) denied the motion. Because we conclude that the house did

not lose its character as a dwelling when left vacant and listed for sale, we affirm.

The defendant submitted to a bench trial on the following stipulated facts. On the night of June 25, 2013, he entered "a house" intending to steal copper piping. James T. Alexander owned the house and had previously lived there. Prior to June 25, Alexander moved out of the house, leaving it vacant. All beds, linens, and furniture had been removed, and Alexander had listed the house for sale. Further, "[t]he property was not sold or otherwise occupied until September 17, 2013." The trial court found the defendant guilty of class A felony burglary. This appeal followed.

On appeal, the defendant argues that the trial court erred in finding that a vacant house constitutes the "dwelling of another" under RSA 635:1, II. He contends that the house ceased to be the "dwelling of another" when Alexander moved out and listed the house for sale because it no longer had "an identifiable occupant or owner who, if not currently living in the house, has intent to return to it and resume living there." The defendant does not argue that the house in question was never the "dwelling of another," or that the house was abandoned. The State counters that whether the resident intends to return does not matter in determining whether a building is the "dwelling of another," and that, therefore, the house did not lose its character as a dwelling when Alexander moved out and listed it for sale. The State further argues that the purpose of the felony enhancement is to deter the burglarizing of residential homes, and that this deterrent effect is best accomplished if buildings which constitute "dwelling[s] of another" are easily recognizable to would-be burglars. The narrow issue before us on appeal, therefore, is whether the house ceased to be the "dwelling of another" for the purposes of RSA 635:1, II when Alexander moved out and listed it for sale.

Because resolution of this issue requires the interpretation of a statute, our review is de novo. State v. Gibson, 160 N.H. 445, 448 (2010). In matters of statutory interpretation, we are the final arbiters of the intent of the legislature as expressed in the words of the statute considered as a whole. Id. We construe provisions of the Criminal Code according to the fair import of their terms and to promote justice. Id. We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. Further, we interpret legislative intent from the statute as written and will not consider what the legislature might have said, or add language that it did not see fit to include. Id. Finally, we interpret a statute in the context of the overall statutory scheme and not in isolation. Id.

The burglary statute states, in relevant part:

I. A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied section thereof, with

2

> purpose to commit a crime therein . . . . It is an affirmative
> defense to prosecution for burglary that the building or structure
> was abandoned.
>
> II. Burglary is a class B felony <u>unless it is perpetrated in the
> dwelling of another</u> at night . . . in which case it is a class A
> felony . . . .
>
> III. "Occupied structure" shall mean any structure, vehicle, boat or
> place adapted for overnight accommodation of persons, or for
> carrying on business therein, whether or not a person is actually
> present . . . .

RSA 635:1 (emphasis added).

"Dwelling of another" is not defined in RSA 635:1; consequently, we look to its common usage, using the dictionary for guidance. See <u>K.L.N. Construction Co. v. Town of Pelham</u>, 167 N.H. 180, 185 (2014). "Dwelling" is defined as "a building or construction used for residence." <u>Webster's Third New International Dictionary</u> 706 (unabridged ed. 2002). "Dwelling house" is similarly defined: "<u>Criminal law</u>. A building, a part of a building, a tent, a mobile home, or another enclosed space that is used or intended for use as a human habitation . . . [o]ften shortened to <u>dwelling</u>." <u>Black's Law Dictionary</u> 619 (10th ed. 2014). These definitions suggest that, for a building to constitute a dwelling, the character of the building must be residential, or the building must be intended for use as a human habitation. Further, neither of these definitions requires a current occupant who, even when not physically present, has the intent to return. The legislature did not include language in RSA 635:1, II limiting the application of the term "dwelling of another" to buildings which have a current occupant with the intent to return, see RSA 635:1, II, and we will not add language that the legislature did not see fit to include. <u>Gibson</u>, 160 N.H. at 448.

In <u>State v. Timbury</u>, we considered whether a house that was infrequently used and "had been on the market for sale for about two years" was nonetheless a "dwelling." <u>State v. Timbury</u>, 114 N.H. 763, 765-66 (1974) (decided under prior law). Without making any reference to whether the owner intended to return, we concluded that the house had not lost its character as a dwelling. <u>Id</u>. at 766. This case is similar to <u>Timbury</u>, in that Alexander left the house vacant and listed it for sale. Here, in his motion to dismiss, the defendant acknowledged that the house was, in fact, the "dwelling of another" when it was lived in by Alexander, and also that it was the "dwelling of another" when it was later purchased by a new owner. We are not persuaded that the house lost its character as a dwelling in the interim.

3

We recognize that there is a split of authority on this issue and observe that decisions in other jurisdictions often hinge upon the specific wording of their statutes.  Compare Hobby v. State, 83 A.3d 794, 812 (Md. 2014) (holding that a single-family home, which was unoccupied for eight months, remained a dwelling in the interim), and People v. Henry, 881 N.Y.S.2d 701, 703 (App. Div. 2009) (holding that a residence, whose owners had moved out and listed the property for sale, remained a dwelling), with State v. Scarberry, 418 S.E.2d 361, 364 (W. Va. 1992) (holding that a structure ceases to be a "dwelling house" when its occupants leave with no intention of returning to it).  Our interpretation of RSA 635:1, II is in accord with case law in other jurisdictions where courts have held that "once a structure becomes a dwelling . . . it does not lose its character as a dwelling simply because it is left vacant for a time." Hobby, 83 A.3d at 812 (quotation omitted).

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, and LYNN, JJ., concurred.

4