# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0259, <u>State of New Hampshire v. Dylan Preneveau</u>, the court on June 28, 2024, issued the following order:**

The court has reviewed the written arguments and record submitted on appeal and has determined to resolve the case by way of this order. See <u>Sup. Ct. R.</u> 20(2). The defendant, Dylan Preneveau, appeals his conviction for second-degree assault. We affirm.

This case arises from an altercation between the defendant and the victim in a Walmart parking lot in Concord. Viewed in the light most favorable to the State, the evidence supports a finding that, following a verbal exchange, the defendant punched the victim four or five times — the victim did not punch back. The victim suffered a zygoma fracture, which required surgery to repair, and a maxillary sinus fracture.

The defendant was indicted on two counts of second degree assault, one alleging that he caused serious bodily injury by causing a sinus fracture to the victim, and the other alleging that he caused serious bodily injury by causing a zygomatic fracture to the victim. With respect to each charge, the jury was instructed that if it decided that the defendant was not guilty of second degree assault, it was to then consider the lesser-included offense of simple assault. If the jury then found that the defendant committed simple assault, it was to consider whether the assault was the result of mutual combat.

The defendant was found guilty of second degree assault on the count related to the zygoma fracture, and guilty of simple assault by mutual combat on the count related to the sinus fracture. Thereafter, the trial court sentenced the defendant only on the conviction for second degree assault, dismissing the conviction for simple assault-mutual combat.

On appeal, the defendant raises two issues: (1) the trial court erred by not instructing the jury on mutual consent as an alternative to a conviction on second degree assault; and (2) the trial court erred by not setting aside the verdicts on the ground that they are irreconcilably inconsistent.

We begin with the first issue. RSA 631:2 (Supp. 2023) sets forth the elements of second degree assault. Here both counts at issue alleged that the defendant knowingly caused serious bodily injury to another. RSA 631:2, I(a).

As for simple assault, the elements are set forth in RSA 631:2-a (2016), which states:

> I. A person is guilty of simple assault if he:
>
> (a) Purposely or knowingly causes bodily injury or unprivileged physical contact to another; or
>
> (b) Recklessly causes bodily injury to another; or
>
> (c) Negligently causes bodily injury to another by means of a deadly weapon.
>
> II. Simple assault is a misdemeanor unless committed in a fight entered into by mutual consent, in which case it is a violation.

The defendant argues that the trial court should have allowed the jury the option of returning a mutual consent verdict if it found him guilty of second degree assault. We disagree. We construe the Criminal Code according to the fair import of its terms and to promote justice. RSA 625:3 (2016). "In doing so, we must first look to the plain language of the statute to determine legislative intent. Absent an ambiguity we will not look beyond the language of the statute to discern legislative intent." State v. McKeown, 159 N.H. 434, 435 (2009).

Here, the plain language of RSA 631:2-a provides that simple assault is reduced from a misdemeanor to a violation if committed in a fight entered into by mutual consent. Nothing in either RSA 631:2-a or RSA 631:2, which defines second degree assault, suggests that second degree assault is reduced from being a class B felony to either a misdemeanor or violation if committed in a fight entered into by mutual consent. We discern no ambiguity in the statutory language, and decline to add language to the statutes that the legislature did not see fit to include. See State v. Gilley, 168 N.H. 188, 190 (2015).[1]

Next, the defendant argues that the verdicts are irreconcilably inconsistent. The defendant recognizes that we have stated that "the inconsistency of

---

[1] In his brief, the defendant also argues that the trial court erred by instructing the jury that mutual consent "was a lesser included that could only be considered if the jury acquitted [him] of all greater offenses." He states that the trial court "made clear that the jury would only reach the issue of mutual consent if it found [him] not guilty of second-degree and simple assault." (Emphasis added.) To the extent that the defendant is arguing that the trial court erroneously instructed the jury that it was required to find him not guilty of simple assault before it could consider the issue of mutual consent, the defendant is mistaken. The trial court instructed the jury that if it found that the defendant committed the lesser included offense of simple assault, then it must go on to consider and decide whether simple assault was committed in a fight entered into by mutual consent.

2

simultaneous jury verdicts against a single defendant on a multiple-count criminal indictment need not be rationally reconciled, and does not entitle the defendant to relief." State v. Brown, 132 N.H. 321, 328-29 (1989). However, he argues that contrary verdicts are not reversibly inconsistent only if the jury's conclusions can be reconciled on a rational basis. Even assuming, without deciding, that the defendant is correct, here there is a rational basis for the differing verdicts. As the trial judge noted, the verdicts "almost certainly reflect a determination . . . that the zygomatic fracture meets the definition of a serious bodily injury, but that the sinus fracture in this case does not."

The defendant argues, however, that "the jury seemed to find that the fight was, and was not, entered into by mutual consent." This argument presupposes that the offense of second degree assault can be mitigated or reduced by a finding that the second degree assault was committed in a fight entered into by mutual consent. Having rejected that premise above, we here reject the argument based thereon.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**